Nov. Term, 1828.

M'Coy
v.
Elder.

---

## M'Coy and Another *v.* Elder.

An execution commanding the sheriff that of the goods of *A., B.,* and *C.,* he make, &c. which *D.* had recovered against *the said A. and others,* is not objectionable for not stating the recovery to have been against the said defendants *A., B.,* and *C.;* the expressions being substantially the same.

A joint execution may issue against a judgment-debtor and his replevin-surety.

Debt on a bond for the delivery of goods, taken on an execution which had issued against a judgment-debtor and his replevin-surety. Judgment, on demurrer, for the plaintiff. *Held,* that the measure of damages, if they did not exceed the penalty of the bond, was the amount due on the *original judgment, with interest and costs;* but that the assessment could not exceed the penalty.

*Wednesday, November 5,*

APPEAL from the *Decatur* Circuit Court.—The bond on which this suit was brought, was executed by *A. C. M'Coy* and *G. S. M'Coy,* the defendants below, to *A. Elder,* the plaintiff below, conditioned for the delivery, at a particular time and place, of certain property to the sheriff, upon which he had levied an execution in favour of the plaintiff.

Scott, J.—Debt on a delivery-bond. Demurrer to the declaration, and judgment for the plaintiff for the penalty of the bond, to be discharged by the payment of the damages sustained. Writ of inquiry waived and damages assessed by the Court, by consent of the parties. The record of the original judgment, on which the execution and replevin-bond were

Nov. Term,
1828.

M'Coy
v.
ELDER.

founded, was produced in evidence, and final judgment render-
ed for the amount appearing to be due.

It is objected by the plaintiff in error that the execution is
void, because it refers to a judgment against *Angus C. M'Coy*
and others, not named, and the sheriff is commanded to levy it
on the property of *Angus C. M'Coy, John C. M'Coy, James Ha-
milton, Cyrus Hamilton,* and *John S. Forsyth.* In the execu-
tion, as set out in the bill of exceptions, the command to the
sheriff is in these words: You are hereby commanded that of
the goods, chattels, lands, and tenements, of *Angus C. M'Coy,
James Hamilton, Cyrus Hamilton, John C. M'Coy,* (and *John S.
Forsyth* as security,) you cause to be made, to satisfy *Andrew
Elder,* the sum of 212 dollars, which the said *Andrew Elder,*
late in our *Decatur* Circuit Court, recovered against the said
*Angus C. M'Coy* and others. There is no ambiguity in this
phraseology; the execution-defendants are all named in the
first instance, and the allegation that the amount to be made
had been recovered against the said *Angus C. M'Coy* and oth-
ers, is tantamount to saying it had been recovered against the
said defendants, repeating all their names.

It is further objected that the execution is against five defen-
dants, and the judgment on which it was issued is against four
only. There is nothing in this objection. The judgment is
against *Angus C. M'Coy, James Hamilton, Cyrus Hamilton,* and
*John C. M'Coy;* and, after judgment rendered, *John S. Forsyth*
became replevin-surety; the execution therefore very properly
issued against the five.

The only remaining objection, which we deem it necessary
to notice particularly, is, that the judgment, replevin-bond, and
execution, were not proper evidence of the amount which the
plaintiff was entitled to recover. Had the amount of the ori-
ginal judgment exceeded the penalty of the delivery-bond,
and had judgment been rendered for that amount, there would
have been some ground for this objection. The statute, au-
thorising delivery-bonds, contemplates a bond in double the
amount of the value of the property seized; that value is a mat-
ter to be settled between the sheriff and the execution-defen-
dant at the time of giving the bond, and the penalty of the
bond is a limit to the damages, which the defendant and his
sureties agree to pay in case of failure to deliver the property.

Below this amount, we know of no measure of damages better adapted to the purposes of justice, than the original judgment with interest and costs (1).

Several other points have been noticed by the plaintiff in error, as defects in the proceedings, which, if they are defects at all, should have been taken advantage of at an earlier stage of the proceedings. The judgment of the Circuit Court must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 *per cent.* damages and costs.

*Stevens,* for the appellants.

*Lane* and *Smith,* for the appellee.

(1) The statute now is, that, in cases like that in the text, the amount due on the execution shall be assessed in favour of the plaintiff, provided the property so taken be of sufficient value to satisfy the same, and if not, then the value of the property so taken, together with ten per centum thereon. R. C. 1831, p. 239.

It is decided, that, under this act, the plaintiff is entitled to the 10 per cent. damages, as well where the value of the property is sufficient to satisfy the execution, as where it is not. *Mitchell et al.* v. *Denbo, May* term, 1833. The law is the same in the case of delivery-bonds taken by constables. R. C. 1831, p. 107.