JOHN STACKER, SAMUEL STACKER, and THOMAS T. WATSON, plaintiffs in error *v.* TYLER D. HEWITT, defendant in error.

### Error to Gallatin.

A note expressing on its face to have been given for value received, imports a sufficient consideration, and leaves it open to be impeached by the defendant.

A note is *prima facie* evidence of a consideration, although it does not express on its face that it is given for value received; and when a want or failure of consideration is relied on, it must be pleaded and proved by the party alleging it.

The case of Poole *v.* Vaulandingham, Breese 22, is overruled.

THIS cause was tried at the October term, 1835, of the Galla-

(1) 2 Saund. 746.

tin Circuit Court, before the Hon. Justin Harlan, and a judgment rendered for the defendant in the Court below, upon which the plaintiffs sued out the writ of error herein.

H. Eddy, for the plaintiffs in error, cited the following authorities:

R. L. 490 § 12 ;(1) 3 Bibb 317; 1 Pirtle's Dig. 146 § 11, 16; do. 148 § 27; do. 154 § 69; 4 Monroe 531; 1 Marsh. 332; 2 J. J. Marsh. 420; 3 J. J. Marsh. 167.

Jesse J. Robinson, for the defendant in error.

Smith, Justice, delivered the opinion of the Court:

This was an action of *debt* on a note of hand. The declaration contains the usual count on a sealed instrument. The defendant pleaded that the note was given without any consideration whatever.

The plaintiffs took issue on this plea, and submitted both law and fact to the Court for trial. On the trial, as shown by the bill of exceptions, the plaintiffs offered in evidence the note, which was under seal, and expressed to have been given for value received. To this evidence the defendant demurred *ore tenus*, and the Circuit Court adjudged the proof insufficient, and there being no other evidence offered, gave judgment for the defendant.

By the 12th section of the practice act, it is provided " That no person shall be permitted to deny on the trial, the execution of any instrument in writing, whether sealed or not, upon which action may have been brought, unless the person so denying the same shall verify his plea by affidavit."(2) This provision of the law made the mere production of the note evidence without proof of its execution; and, indeed, without the statute, it was already admitted by the defendant's plea of want of consideration.

It is equally certain that the production of evidence to support the plea of no consideration, being an affirmative plea, devolved on the defendant. There being no evidence in support of it, the Court evidently erred in rendering judgment for the defendant. The position assumed by counsel, that the plea was the affirmation of the non-existence of a fact not susceptible of proof by the defendant, and that therefore the *onus probandi* to show the actual consideration of the note, ought to devolve on the plaintiffs, is not, we apprehend, by any means correct. The entire absence of a consideration for the execution of the note, would be a fact as completely within the means of proof by the defendant, as the plaintiffs' ability to show a consideration therefor. By the rule of the common law, the note being under seal im-

(1) Gale's Stat. 531.          (2) R. L. 490; Gale's Stat. 531.

ported a valuable consideration, and no enquiry could be had in relation thereto. So a note not under seal, expressing on its face to have been given for value received, imports a sufficient consideration, and leaves it open to be impeached by the defendant.

By the statute of this State relative to promissory notes, bonds, due bills, and other instruments in writing, making them assignable, approved 15th Feb. 1827,(1) it is declared that such notes, bonds, due bills, and other instruments in writing whereby the maker agrees to pay any sum of money or article of personal property, or of money in personal property, shall be taken to be due and payable to the person to whom the same is made. This act of itself, then, would make any instrument, coming within the description named, *prima facie* evidence, although it did not express on its face to have been given for value received, and render the proof by the plaintiff of a consideration unnecessary. But it is considered well settled, and a principle admitting of no doubt, that the defendant by his plea was bound to sustain by proof, the existence of the fact averred in his plea, and upon which the plaintiffs had taken issue. This rule is laid down in a recent case decided in a sister State, Mitchell *v.* Sheldon *et al.*(2) In that case, which is directly analogous to the present, the Court say, the note is *prima facie* evidence of a consideration, and when a want of, or a failure of consideration is relied on, it must be pleaded and proved.

The judgment of the Circuit Court is reversed, and the clerk of this Court is directed to enter judgment for the plaintiffs in this Court, for the amount of the note with interest thereon, at the rate of six per cent. damages from the 25th day of May, 1834, until the rendition of the judgment in this Court, with costs of suit.

*Judgment reversed.*