PETER A. BROWER, Plaintiff in Error, *v.* GIDEON H. RUPERT *et al.,* Defendants in Error.

### ERROR TO TAZEWELL.

The drawer of a bill may waive notice of protest, and if he had not funds in the hands of the drawee, a notice of protest is not necessary.

A party can recover under the common counts, on protested bills, which are proper evidence to establish the cause of action.

THIS was an action of assumpsit, brought by Rupert and Haines against Brower, and tried before HARRIOTT, Judge, at the February term, 1860, of the Tazewell Circuit Court.

The declaration contained four special counts.

The first count was upon a bill, drawn by defendant, in favor of the plaintiffs below, on J. W. McGee & Co., of Chicago, Illinois, for one thousand dollars, bearing date June 20, 1859, payable thirty days after date, which was accepted by McGee & Co., alleging that the bill was duly presented to the acceptors when it became due, and payment refused, and that the defendant was notified thereof.

The second count was upon a bill for the same amount, drawn by the defendant below on the same parties, and accepted, alleging presentment when due, and failure to pay, and notice. This bill was dated July 6th, 1859, due thirty days after date.

The third and fourth counts were like the first and second, counting upon bills for $1,000, each drawn by Brower, on J. W. McGee & Co., and by him accepted, alleging presentment when due, and a failure to pay, and notice. One dated the 9th of July, 1859; one the 14th of July, 1859; both payable thirty days after date.

The declaration also contained the common counts for money had and received, money paid, and account stated.

There was a demurrer interposed to each of the special counts, and overruled, and pleas of the general issue filed to all the counts.

The plaintiffs then read in evidence the bills as set forth and described in the special counts under the common counts.

The defendant moved the court to exclude all the evidence from the jury, for the reason that it did not prove that the defendant had due notice of the non-payment of the bills in question; and for the reason that the plaintiffs had no right to prove, under the pleadings in the cause, that the drawee had no funds of the defendant in his hands—which motion was overruled. To the overruling of which, the defendant excepted.

The jury returned a verdict for the plaintiffs for $4,122.31; whereupon the defendant moved for a new trial, for the reason

that the verdict was contrary to law, and the court admitted improper evidence—which motion was overruled.

The errors assigned, are, that the court erred in not excluding the plaintiffs' testimony from the jury, and in not granting a a new trial.

ROBERTS & IRELAND, for Plaintiff in Error.

SCAMMON, McCAGG & FULLER, for Defendants in Error.

WALKER, J. The record in this case fails to show a sufficient notice to the drawer, of a protest of these bills for non-payment, to support the averments in the special counts. But the law is well settled that the drawer may waive notice, or when he has no funds in the hands of the drawee at the maturity of the bill, a notice of protest is not required to fix his liability. Story on Bills, 75 ; Chit. on Bills, 325. When he has failed to provide funds to meet the bills, he can have no reason to suppose they will be honored, nor is there any necessity that he should have notice, as he has no funds in the hands of the drawee to be protected. When he has failed to provide funds to meet his draft, he has placed himself in the same situation as if he had expressly waived notice. The evidence in this case shows that the plaintiff in error had provided no funds to meet these bills, and that he stated that he cared nothing for notice, as he expected them to be protested. It also appeared that he was repeatedly notified by the drawee that he must provide funds to protect these bills, which he neglected to do.

The question is then presented, whether this authorized a recovery under the common counts. While cases may be found which hold that a waiver of, or an excuse for not giving notice, cannot be proved under the common counts, still the current of modern decisions both in Great Britain, and this country, sanctions the practice. This is the rule of the American cases. And we think, under our practice, which requires a copy of the instrument sued upon to be filed, as notice of what the defendant is required to meet, there can be no surprise produced by this evidence under the common counts. He is thus apprised that he is sued upon the bill, drawn by himself, and he must know whether notice has been waived, or any legal excuse exists for not giving it, and he can as fully prepare to meet the case as if the excuse was averred in the declaration. We have no doubt that these bills, and the evidence, were admissible under the common counts, and that the verdict and the judgment below, were warranted by the evidence.

The judgment of the court below is affirmed.

*Judgment affirmed.*