## ALEXANDER R. CHESNUT
### v.
## THOMAS J. CHESNUT, Ex'r etc.

1. INFERENCE FROM GIVING A CHECK.—The natural inference from the giving of a check is that it was given in payment of a debt due the payee from the drawer, and in order to charge the payee as a debtor to the drawer, it must be shown that the check was in fact loaned to the payee.

2. EVIDENCE.—A father executed a power of attorney to his son, authorizing and empowering him to release judgments and mortgages, to collect and receipt for moneys, to deposit in bank and withdraw therefrom moneys, and generally to transact business. By this suit the executor of the father's estate seeks to recover the amount of a check from W. to the father, and the amount of a check from the testator to appellant, his son. *Held*, that to charge appellant with the amount of the W. check it must be shown by a preponderance of evidence that the money came into his hands. As to the second check, in the absence of all evidence showing that the transaction was a loan ,or that the money was received on the check for the use of the testator, the executor can not recover.

APPEAL from the Circuit Court of Morgan county; the Hon. C. EPLER, Judge, presiding. Opinion filed October 3, 1884.

Messrs. BROWN & KIRBY, for appellant; that a check payable to A or bearer is not evidence of money lent and advanced to A by the drawer of the check; the presumption is that it was given in payment of a debt, or that value was received for it at the time; cited Fleming v. McLain, 13 Pa. 177; Baker v. Williamson, 4 Pa. 469; Conroy v. Warren, 3 Johns. 259; King v. Phillips, 1 Pet. R. 350.

Messrs. MORRISON & WHITLOCK, for appellee.

DAVIS, J. This was a suit brought by Thomas J. Chesnut, executor of the estate of Alexander R. Chesnut, deceased, against Alexander R. Chesnut, the appellant, to recover a sum of money claimed to have been received by appellant for the use of the testator of appellee.

Chesnut v. Chesnut.

It appears by the record that on the first day of May, 1880, Alexander R. Chesnut, Sr., had on deposit to his credit with the firm of M. P. Ayers & Co., bankers, the sum of $2,095.63, which was afterward withdrawn by three checks, as follows: one dated May 13th, payable to A. R. Chesnut, Jr., for $200; one of May 14th, to Irwin Dunlap for $232.90; and one of same date to A. R. Chesnut, Jr., for $1,612.73, which last amount was placed to the credit of A. R. Chesnut, Jr. on the books of the bank.    It also appears that on the 24th of May, 1880, Alexander R. Chesnut, Sr., held a note on Wiegand & Widmayer for $659.33, which they paid on that day by a check drawn by them on the Jacksonville National Bank, payable to A. R. Chesnut or bearer. This check was paid over the counter at the bank on the 31st day of May, 1880.

On the 31st day of May, 1880, Alexander R. Chesnut, Sr., executed a power of attorney to his son, authorizing and empowering him to release judgments and mortgages, to collect and receipt for moneys, to deposit in bank and withdraw therefrom moneys, and generally to transact business for him, but when this power of attorney was in fact delivered does not appear.

By this suit the executor seeks to recover the amount of the check from Wiegand & Widmayer to Chesnut for $659.33 and the amount of the check from the testator to appellant for $1,612.73, and interest on each sum from the date of the payment.

The cause was tried by agreement without a jury, and the court below found for appellee and rendered a judgment in his favor against appellant for $2,768.66.

This appeal was taken to reverse the judgment and among the errors assigned are the following: That the court erred in finding the issues for the plaintiff.    That the court erred in rendering a judgment for plaintiff, not supported by any competent evidence, and the court erred in not rendering a judgment for the defendant.    We think these errors are well assigned. So far as the judgment embraces the check for $659.33 of Wiegand & Widmayer, it is not supported by any evidence whatever.    The check was made payable to A. R. Chesnut or

bearer and was paid over the counter by the bank to some one who presented it, but who that person was is unknown.

The evidence tends to prove that the check was received by A. R. Chesnut, Sr., in payment of the note, on the 24th of May, 1880. Where it was between the time it was received by the old gentleman and the day it was presented at the counter of the bank for payment is not shown, nor is it shown that appellant ever had it in his possession or knew of its existence. To charge appellant with the amount of this check, it must be shown by a preponderance of evidence that the money came into his hands. The mere fact that appellant was empowered by his father to do those acts specified, in the power of attorney, and the directions of the father with reference to putting money in bank without specifying what money, as testified by Mrs. Dunavan and disputed by appellant, can have no weight in fixing the liability of appellant for the Wiegand & Widmayer check in the absence of all testimony that he ever had it in his possession, or received the money which was paid on it at the counter of the bank.

The other check for $1,612.73 embraced in the amount of the judgment was given by the testator and made payable to the order of appellant and by him drawn from the bank. What was the nature of the transaction between the father and son, which resulted in the giving of this check is not made to appear by the evidence. The claim of the executor to recover the amount of this check is based solely on the naked fact that the check was given by the testator to appellant and the money received by the latter from the bank. In the absence of all testimony showing that the transaction was a loan of money, or of the check from the father to the son, or that the money was received on the check for the use of the testator, the claim of the executor for the amount of the check can not be sustained. The natural inference from the giving a check is, that it was given in payment of a debt due the payee from the drawer; and in order to charge the payee as a debtor to the drawer, it must be shown that the check was in fact loaned to the payee. 2 Parsons on Notes and Bills, 34; Cooper v. McNeill, 14 Bradwell, 403.

We think the evidence fails to support the finding of the court, and therefore the judgment must be reversed and the cause remanded.

Judgment reversed.