## Owen Ward v. Belle Yancey, Adm'x.

1. PRACTICE—*Insufficient Affidavits for Continuance.*—In an action by an administrator upon a promissory note, an affidavit by the defendant setting up that he had paid the deceased for legal services, at one time $50, and at another time $35, in the presence of third persons whom he did not know and of whose whereabouts he could learn nothing after diligent search and inquiry, is not sufficient to support a motion for a continuance.

2. ATTORNEYS—*Dealing with Clients.*—The rule of law that makes dealings between client and attorney *prima facie* fraudulent as against the attorney, and requires the attorney in controversy with his client to show that the transaction is fair and equitable, does not apply where the transaction is simply the giving of a note in payment of legal services performed.

3. ATTORNEY AND CLIENTS—*Business Transactions Between, etc.*—In a case where the transaction is simply the giving of a note in payment of legal services performed, no greater duty rests with the attorney seeking collection by suit than devolves upon any other person suing upon a promissory note.

Assumpsit, on a due-bill. Trial in the County Court of Macoupin County; the Hon. BALFOUR COWEN, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

PEEBLES, KEEFE & PEEBLES, attorneys for appellant.

RINAKER & RINAKER, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a suit in assumpsit by the administratrix of the estate of A. N. Yancey upon a due-bill, reading as follows:

"$420.00.          CARLINVILLE, ILLINOIS, April 11, 1894.

Due A. N. Yancey, for his services as attorney, $420.   .

his<br>
OWEN X WARD.<br>
mark.

Witness to mark:

          J. M. DUGGER."

Upon the pleas of *non assumpsit, non est factum,* and that the due bill was procured by fraud and circumvention, a trial was had, resulting in a verdict and judgment for $420 for appellee.

The first point urged for a reversal of the judgment is that the court erred in overruling appellant's motion for a continuance. The motion is based upon appellant's affidavit, setting up that he had paid the deceased for legal services, at one time $50 and at another time $35, in the presence of third persons whom he did not know and of whose whereabouts he could learn nothing after diligent search and inquiry. The affidavit did not sufficiently support the motion. At the time of making it, appellant had had thirty days in which to search for such witnesses. He did not name them and could not or did not give any idea of where they lived. The payment of the $50 he claimed was at a very public place, the front porch of the court house at Hillsboro, and the payment of $35 at a public place in the city of Bunker Hill. He does not show that the witnesses were at all interested in the transaction, and from aught

that appears in the affidavit, they were nothing more than mere casual observers. He showed no such prospect of learning their names and whereabouts as would warrant the court in continuing the case.

We can not see reversible error in the refusal of the court to allow the witness Peebles to testify that he heard the deceased say, a few days before he died, "that he did not want anything done with Owen Ward's note while he was living." The statement was not very material to the issue, and we do not believe its admission would have produced a different result.

The chief contention of appellant is that, inasmuch as the instrument sued on was executed in consideration of legal services, the relations of the maker and payee were such as to require affirmative proof on the part of appellee that the contract was fair and free from fraud. As such proof was not made, he contends that appellee did not make out a case. The contention is based on the rule of law that makes dealings between client and attorney *prima facie* fraudulent as against the attorney, and requires the attorney in controversy with his client to show that the transaction is fair and equitable. When we come to consider the reason of the rule and the character of cases in which it has been announced, we do not think it applicable to the case at bar. So far as we are advised, the rule has only been applied to cases of bargain and sale of property, and usually in courts of equity. In his excellent work on Attorneys and Coun-selors at Law, Mr. Weeks has, in section 268, stated the rule as follows: "The attorney who bargains in a matter of advantage to himself with his client, is bound to show that the transaction is fair and equitable; that he fully and faithfully discharged his duties to his client, without mis-representation or concealment of any fact material to the client; that the client was fully informed of his rights and interests in the subject-matter of the transaction, and the nature and effect of the contract, sale or gift, and was so placed as to be able to deal with his attorney at arm's length." The rule is stated by this author, as it is by Mr.

Mechem, Judge Story, and other text book writers, in connection with dealings between client and attorney over property rights. The relation of attorney and client has always been regarded as one of special trust and confidence. The law, therefore, very properly requires that all dealings between them shall be characterized by the utmost good faith. By reason of his superior knowledge of the law, the attorney has his client at a disadvantage. He is better informed as to the rights and interests of his client in the subject-matter of the transaction and the nature and effect of a sale or gift of it, and that is the reason of the rule of law which requires him, in a legal controversy with his client, to show affirmatively that fairness and equity characterized his conduct. In each of the four Illinois cases cited by appellant, in which the rule is announced—Jennings et al. v. McConnell et al., 17 Ill. 148; Morrison et al. v. Smith, 130 Ill. 304; Ross et al. v. Payson et al., 160 Ill. 349, and Willin v. Burdette, 172 Ill. 117—the controversy arose in a court of equity by bill to set aside conveyances to the attorney.

In the case at bar the dealings were not over any property rights of appellant. An application of the rule to the extent contended for by counsel would require every attorney suing upon a promissory note executed by a client for legal services to show affirmatively that the services were performed, that the charges were reasonable, and that the client so understood it when he gave the note. In a case where the transaction was simply the giving of a note in payment of legal services performed, we do not think any greater duty rests with the attorney seeking collection by suit than devolves upon any other plaintiff suing upon a promissory note.

In the view we take of the case, it is unnecessary to discuss the instructions. Those given for appellee do not violate our notions of the law. The judgment is right and should be affirmed. Judgment affirmed.