## Robert W. Kinahan v. Matilda O. Butler, Administratrix.

### Gen. No. 13,226.

1. CHECK—*probative effect of.* The presumption obtains that a check is given in payment of an existing debt or that money was paid for it at the time. Primarily such check is a receipt to the drawer, when properly indorsed and paid, of the payment to the payee of the amount denominated in the check.

2. WITNESS—*when not incompetent by virtue of interest.* A witness is competent where the adverse party sues or defends in a representative capacity, as to matters occurring since the death of the intestate.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed April 18, 1907.

WILLIAM E. O'NEILL, for appellant.

No appearance for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The cause here brought for review from the judgment of the Circuit Court originated before a Cook county justice of the peace.

The evidence to support the demand consisted of the following check with its indorsements:

"Chicago, Oct. 7, 1903.   No. 1550.
Corn Exchange National Bank,
      The Rookery, LaSalle & Quincy Sts.
Pay to the order of Robert W. Kinahan
..............One Hundred fifty.............Dollars.
                              . JOHN S. BUTLER."
Indorsed:
"Paid through Chicago Clearing House, Oct. 8, 1903, to State Bank of Chicago.
                              ROBERT W. KINAHAN,
                           ·. R. W. KINAHAN."

and the testimony of the Cook county justice, Sanford A. Chappell, that on the trial in his court Kinahan testified that he received the money on the check and that it was borrowed money.

Both the check and this evidence were admitted against the objection of the defendant, and exceptions in due form preserved to the ruling·of the court.

The trial court refused to allow the defendant to testify as to what did in fact occur before the justice in contradiction to the evidence of that officer, and at the conclusion of the evidence, and at the request of plaintiff, the court peremptorily instructed the jury to find a verdict for $150, the amount of the check. This action of the court was against the objection of defendant. A motion of defendant for a new trial being overruled, judgment was entered upon the verdict, to which rulings objection was made and exceptions preserved.

The trial judge erred in admitting the check in evidence as *prima facie* proof of the claim against defendant, and in excluding the evidence of defendant as to what took place at the trial before the justice contradictory of the evidence given by the justice in support of the plaintiff's case, and in peremptorily instructing the jury to find a verdict in favor of plaintiff's claim.

This record .discloses that the trial judge in admitting the check as evidence, did so on a misapprehension of the law, stating at the time as he did, in effect, that a check is in itself evidence of an indebtedness until proven to have been repaid by the payee. The very converse of this statement is the law. The presumption obtains that a check is given in payment of an existing debt, or that money was paid for it at the time. Primarily such check is a receipt to the drawer, when properly indorsed and paid, of the payment to the payee of the amount denominated in the check. Flemming v. McClain, 13 Pa. St., 178.

In Chestnut v. Chestnut, 15 Ill. App., 390, the court say: "The claim of the executor to recover the amount of this check is based solely on the naked fact that the check was

given by the testator to appellant and the money received by the latter from the bank. In the absence of all testimony showing that the transaction was a loan of money, the claim of the executor cannot be maintained. The natural inference from the giving of a check is, that it was given in payment of a debt due the payee from the drawer, and in order to charge the payee as a debtor to the drawer, it must be shown that the check was in fact loaned to the payee."

This case is parallel with the one at bar. Defendant was a competent witness as to matters occurring at the trial before the justice, and testified to by that officer on the trial in the Circuit Court. His exclusion as such witness was error depriving him of a material right. R. S., section 2, chapter 51.

In view of what we have already said, it is apparent that the peremptory instruction given to the jury was not warranted, and that the giving of the same was error.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*