**E. P. Harney, Appellee, v. Estate of Isaac McCann, deceased (Hubert Lee, Appellant).**

**Gen. No. 5,664.**

1. WITNESSES—*competency.* The payee of a check is an incompetent witness on claim based thereon after the death of the maker.

2. CONSIDERATION—*presumption of for check.* It is presumed that a check is given to pay an existing debt or that money was paid for it at the time.

3. ADMINISTRATION OF ESTATES—*check as claim.* The testator's check presented as a claim against his estate imports consideration, and the plea of lack of consideration is not sustained in the absence of proof.

4. ATTORNEY AND CLIENT—*when rule as to dealings between does not apply.* Where a claim is made by an attorney against an estate, based on the testator's bank check, and there is no proof that the check grew out of any transaction in which he was dealing with the testator's property, the rule as to dealings between attorney and client relating to the client's property does not apply.

5. ADMINISTRATION—*evidence of claim.* Where testator's check for $1,000 is presented as a claim against his estate, it is a reasonable inference that a check referred to by the testator in speaking to the claimant was the check in suit, in the absence of proof that any other such check was given and where testator stated that he should have paid the check for $1,000 long ago and that he would pay it soon.

6. BILLS AND NOTES—*when drawer of check recognizes indebtedness and promises to pay.* Where the drawer of the check states to the payee that he should have paid it before and that he would soon, it appears that he recognizes the indebtedness and that the delay in payment was caused by him, and that he expressly promises to pay.

7. BILLS AND NOTES—*when presumed that maker of check is liable.* Where a subsequent promise to pay a check is made by the maker thereof with knowledge of the facts, it will be presumed that the promissor was liable and that all conditions necessary to fix his liability were complied with.

8. ADMINISTRATION OF ESTATES—*presentation of claims.* Where claims are filed in the county court against an estate, all pleas are presumed to be orally interposed.

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

W. R. HUNTER, L. H. BANCROFT and C. M. CLAY BUNTAIN, for appellant.

J. BERT MILLER and T. W. SHIELDS, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On March 21, 1910, Isaac McCann died testate. On May 2, 1910, his will was admitted to probate in the County Court of Kankakee County and letters testamentary issued to Jeanette McCann. On May 9, 1910, appellee, E. P. Harney filed a claim against McCann's estate, based on a bank check for $1,000, dated June 1, 1900, drawn on the Momence Banking Company. The executrix consented to the allowance of the claim. Appellant, Hubert Lee, residuary legatee under McCann's will, objected to its allowance, and on

a jury trial the court directed a verdict and entered judgment disallowing the claim. Harney appealed to the Circuit Court of said county where he obtained a verdict for $1,000, the face of the check. Judgment was entered on the verdict, and the residuary legatee prosecutes this appeal.

The proof is that appellee was the attorney for Mc-Cann at the time the check was given; that the body of the check is in the handwriting of appellee and signed by McCann as maker; that the bank upon which the check was drawn was solvent; and for a month and twenty days after it was drawn McCann had more than sufficient funds in the bank to pay the check; that McCann was prompt in paying his debts; that the bank continued solvent until it was absorbed by another bank which assumed all its obligations and has always been solvent. There was no proof that the check had ever been presented to either bank for payment. The drawer sustained no loss by the failure to present the check to the bank. The death of McCann made appellee an incompetent witness.

The check was in the possession of appellee. Possession implies ownership. The presumption obtains that a check is given in payment of an existing debt or that money has been paid for it at the time. Kinahan v. Butler, 133 Ill. App. 459.

This being a claim filed in the County Court against an estate, all pleas are presumed to be orally interposed. But the plea of a lack of consideration is an affirmative plea. The check imported a consideration (Martin v. Martin, 202 Ill. 382), and it was for defendant to support its plea, and no proof of a lack of consideration was introduced. That plea therefore was not sustained. Stacker v. Hewitt, 2 Ill. (1 Scam.) 207; McMicken v. Safford, 197 Ill. 540. There is no proof that this check grew out of any transaction in which the attorney was dealing with the property of his client, and the rule relating to dealings between attorney and client in relation to property of the client,

does not apply. Ward v. Yancey, 78 Ill. App. 368. In addition to the presumptions that obtain in favor of appellee, H. E. Vail testified for him that in the summer of 1907 he heard McCann say to appellee: "Ed, I received your letter and I ought to have paid that $1,000 check long ago, but I will pay it soon now," to which appellee replied: "All right, Isaac, I know you will." This answer is not completely set out in the abstract. Vail did not tell appellee that he had overheard this conversation until after the trial in the County Court. For appellant one John Shortridge testified that Vail told him a short time after the trial in the County Court that he knew nothing about the check. From Shortridge's testimony it appears that Vail was intimate with appellee and that Shortridge was not on good terms with appellee and that Shortridge desired that appellant should prevail in the suit. In the absence of proof that McCann had ever given appellee another check for $1,000 we think the jury, if they believed Vail's testimony, might reasonably draw the inference that this conversation referred to the check in suit. Vail's testimony if true, shows that McCann recognized this indebtedness to appellee and shows that the delay in the payment of the check was caused by McCann and also shows his express promise to pay it. The drawer of a check or bill of exchange may waive the presentment of the same. Curtiss v. Martin, 20 Ill. 557; Brower v. Rupert, 24 Ill. 182. A subsequent promise having been made by the maker with a knowledge of the facts on his part, it will be presumed that the promissor was liable and that all conditions necessary to fix his liability have been complied with. Tobey v. Berly, 26 Ill. 426; 29 L. R. A. 306, notes. But such promise is presumptive and not conclusive evidence and raises a question of fact for the jury to determine. 8 Cyc. 242. It is true that Shortridge's testimony tended to impeach the testimony of Vail so far as it related to the conversation between McCann and appellee. This raised the

question of the credibility of their testimony ,which was also for the jury to determine. They evidently believed Vail. The denial of the motion for a new trial shows that the trial judge believed Vail, and from a careful consideration of the testimony as it appears in the record, we cannot say that Vail's evidence is not credible and of sufficient weight to warrant the jury in their finding.

The instructions were in the main favorable to appellant and the jury having found the facts in favor of appellee, we see no reason for disturbing the judgment, and it is therefore affirmed.

*Affirmed.*