# JAMES M. RUGGLES

*v.*

# RICHARD P. GATTON.

1. EVIDENCE—*under certain issues.* If evidence is admissible under any issue in the case, or for any purpose, it should not be excluded.

2. So in an action upon a promissory note, where the defendant pleaded a set-off for goods sold and delivered, to which the plaintiff replied the statute of limitations, and the defendant also pleaded payment, although some of the items in the account sought to be set off were barred by the statute of limitations, and therefore not admissible in evidence under the plea of set-off, yet such items could be proven under the plea of payment, there being evidence tending to show the goods, when sold, were to be applied as a payment on the note.

3. STATUTE OF FRAUDS—*how availed of.* The statute of frauds must be relied on to be made availing, but that may be done either by special plea, or on the evidence under the general issue.

4. And where a defendant in an action files a plea of set-off, that being in the nature of a cross-action, and substantially a declaration, the same rule must obtain, in defending under the statute against such a plea, as if it were a declaration in a suit brought by the defendant. It is optional with the plaintiff whether he will plead the statute, or set it up under the evidence on the trial.

5. STATUTE OF FRAUDS—*of a verbal promise to pay the debt of another.* Where it is sought to recover from one the price of goods sold to another, upon the alleged verbal promise of the former to pay for them, the fact that the goods were charged to the person who bought them is strong evidence that the credit was given to him, but it is not conclusive, and may be rebutted by proof of a more convincing character.

6. BOOKS OF ACCOUNT—*whether admissible in evidence.* A party who sought to introduce in evidence his books of account, did not state that the books were of original entries and that he made them, and that they were true, or that they were made by a deceased person, or a person then a non-resident of this State, and that such person made them in the due course of trade, and of his duty, or in the course of his employment, but, on the contrary, a witness stated he was clerk for the party, and sold a part of the goods sought to be recovered: *Held,* that the proper foundation was not laid to render the books admissible in evidence under the act of 1867, relating to that subject.

7. BILL OF EXCEPTIONS—*whether necessary.* Where, in an action to recover for goods sold, the books of account of the party were admitted in evidence without the proper foundation being laid therefor, and it appearing they were introduced

for the purpose of proving the account filed, it will be presumed the books contained the accounts composing the bill of particulars they were introduced to prove, and the error in admitting them may be availed of, notwithstanding the bill of exceptions fails to show, specifically, what the books contained.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The facts in this case sufficiently appear in the opinion.

Mr. B. S. PRETTYMAN, for the appellant.

Messrs. KETCHAM & ATKINS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Mason Circuit Court, on two promissory notes. An attachment was sued out as the process, but appellee came in and filed pleas; first, non-assumpsit; second, payment, and thirdly, set-off. Issues of fact were formed on these pleas, and a replication was filed to the third plea, setting up the statute of limitations as to the debt set up in the plea. To this replication appellee rejoined, that appellant was out of the State for five years after the cause of action set out in the plea of set-off, accrued; and to which appellant rejoined that he was not out of the State as alleged. On these issues the cause was tried by the court and a jury. Appellant read the notes in evidence, and rested. Appellee was sworn as a witness, and testified in support of his bill of particulars filed with his plea of set off. The jury found a verdict in favor of appellee, and a motion for a new trial was entered, but was overruled by the court, and a judgment was rendered on the verdict, from which this appeal is prosecuted.

Appellant, in his brief, makes no point on the instructions given for appellee, and we shall, therefore, regard the assignment of errors, which questions their correctness, as abandoned.

He, in his brief, only questions the decision of the court in admitting evidence, and in overruling the motion for a new trial.

It is insisted, that the court below erred in admitting evidence of the account of appellee, because the last item was charged more than five years before the suit was commenced. We do not see any error in admitting it under the issues in the case. If, as appellee swears, it was understood, before the goods were purchased and thus charged, they were to be applied on the notes, then the evidence was admissible as tending to prove payment of the notes. After it was admitted, it was for the jury to say whether it proved payment. It was not the province of the court to determine that question. If that was the agreement, and the goods were sold on that agreement, it was not a collateral promise to pay the debt of another, and within the statute of frauds. If such was the fact, then the credit was given directly to appellant, and he would be liable for their payment. If, on the other hand, credit was given to the persons who procured the goods, and not to appellant, and he afterwards agreed, verbally, to pay for them, then the promise would be collateral, and within the statute of frauds.

As a general rule, however, the defense of the statute must be relied upon, and if not, it will not be noticed by the court. As, if a defendant admits the contract in his answer to a bill, but fails to set up and insist upon the statute, the relief will be granted. And when a declaration sets out a contract within the statute of frauds, and fails to aver that it is in writing, the court will presume, on demurrer, that it is legal, and leaves the defendant to take advantage of it under the evidence. *Elting* v. *Vanderlin*, 4 J. R. 237. It has been held that the statute has not changed the mode of pleading, and hence, the declaration need not aver that the agreement was in writing, but that the defense may be relied upon in the evidence. *Miller* v. *Drake*, 1 Caines' R. 45 ; *The State of Indiana* v. *Waram*, 6 Hill, 33. In the case of *Myers* v. *Morse*, 15 J. R. 425, it was,

however, held, that the defense might be set up by special plea; and in *Read* v. *Nash,* 1 Wilson's R. 305, the statute was set up by special plea, which, on demurrer, was held good. It would therefore appear, that the defense must be relied upon, but that may be done either by special plea, or on the evidence under the general issue. And the plea of set-off, being in the nature of a cross-action, and substantially a declaration, the same rules must, therefore, obtain, in defending under the statute on such a plea, as if it was a declaration in a suit brought by the defendant. It was optional with appellant whether he would plead the statute, or set it up under the evidence on the trial.

On the trial he objected to the introduction of the evidence upon that ground, but his objections were not allowed by the court. It is a familiar rule, that if evidence is admissible under any issue in the case, or for any purpose, it should not be excluded; and in this case the evidence was admissible under the plea of payment, as it tended to prove that issue. There was, therefore, no error in admitting it. Had appellant desired to have the question, whether the goods were sold to him or to the persons to whom they were charged, passed upon by the jury, he should have asked an instruction informing them, that if the credit was given to the persons to whom they were charged, and not to appellant, then the promise by appellant to pay for such goods, would be collateral, and within the statute of frauds and perjuries. Having failed to do so, he cannot now complain.

If the credit was given to the persons to whom they were charged, and not to appellant, then any subsequent parol agreement by him to pay these accounts, would not be binding. And the fact that they were charged to the persons who purchased them, is strong evidence that the credit was given to such persons, but is not conclusive. It might be rebutted by other evidence of a more convincing character. And this is a question for the consideration of the jury, to be determined from all the circumstances of the case.

On the trial below, appellee testified, that before the goods were furnished, it was understood they were to be applied on the notes. Appellant, in his testimony, denied that there was any such understanding. In this conflict in the evidence of the parties, it was a question for the jury to determine which was entitled to credit, and having decided that question we cannot say that they have acted incorrectly.

It appears, from the evidence, that appellant entered the army in the summer of 1861, and did not return until in the year 1864. The precise times are not stated, but if we assume that he was absent three years, and was out of the State during that time, and it be deducted from the time which elapsed after the last item of the account was charged and before the suit was brought, which appears to have been about eight years and six months, it leaves a period of five years and six months; which would bring it within the statute of limitations, and would bar the set-off. And the court so instructed the jury, and we must conclude that they regarded the instruction and allowed the account as a payment, and not as a set-off under the plea.

It remains to determine, whether appellee's books of account were properly admitted in evidence. In the case of *Boyer* v. *Sweet*, 3 Scam. 122, it was held, that in case of open accounts composed of many items, where the entries are made by the creditor himself, he having no clerk, the book of original entries is admissible, upon proof being made by persons who had dealt with him and had settled by the same book, that it is fair and correct, and that some of the articles charged were delivered at or about the time the entries purport to have been made, and that the entries are in the handwriting of the party producing the books. But it was held that the rule would not apply to an account for money lent, or for an account of but a single item. The rule there announced has been repeatedly recognized by subsequent decisions of this court, and without any modification. It must, therefore, be regarded as the settled law of the court. It will be observed that the case at

bar does not come within the rule. It does not appear that appellee had no clerk when the goods were obtained, nor does it appear that the books were those in which the entries were made; and the evidence is certainly very loose as to whether the witnesses had settled by these books, or they had found them correct. Having failed to bring the case within the rule, the books were improperly admitted.

It is, however, insisted, that as the contents of the books do not appear in the bill of exceptions, the court will presume that no injury resulted to appellant thereby. There is no pretense, nor can there be, that these were not appellee's books of account. They were introduced to prove the correctness of the various items charged, and we must presume that they contained the accounts composing the bill of particulars filed with appellee's plea of set-off. And notwithstanding the bill of exceptions does not show, specifically, what the books contained, still they were introduced as evidence, and for the want of a proper foundation, they were improperly admitted. We are unable to say that they did not prejudice appellant, and it was error to admit them.

We are, however, referred to the 3d section of the act relating to the competency of witnesses in civil cases, approved on the 19th day of February, 1867, Pub. Laws, 183, as authorizing the admission of these books in evidence. It will be observed that it provides that account books may be admitted, when the claim or defense is founded on such accounts, and the party interested therein shall testify to his account book, and the items therein, that it is a book of original entries, and that they were made by himself, and are true and just, or that they were made by a deceased person, or a disinterested person who is a non-resident of the State at the time of the trial, and that they were made by such person in the usual course of trade, and of his duty or employment under the party testifying. In this case the appellee does not state that the books were of original entries and that he made them, and that they were true, or that they were made by a deceased person, or a

27—50TH ILL.

person then a non-resident of the State, and that such person made them in the due course of trade, and of his duty, or in the course of the employment of appellee.   On the contrary, he called a witness, who stated he was clerk for the appellee, and sold some of the goods to Mrs. Lester, Miss Field, and to appellant's family, from which it seems he had a clerk when the goods were sold.   It is, therefore, apparent, that appellee entirely failed to bring this evidence within the provisions of the statute.   Until he had laid a proper foundation for the admission of the books, he should not have been permitted to read them in evidence.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*