## JAIRUS KIBBE

*v.*

## HORACE BANCROFT.

1. EVIDENCE—*account-book.* An account-book, to be used as evidence, should be the book containing an entry of transactions in the store, factory or office, as they occurred in the regular order of business. Where it is an old book, laid aside as a book of accounts, and use only for one entry of a late transaction, it is not admissible in evidence as to the latter entry.

2. It has never been held that a single entry makes an account-book, nor has it ever been held that a single entry of cash in a book is competent proof.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellant.

Messrs. DUMMER & BROWN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the circuit court of Morgan county, brought by Jairus Kibbe, and against Horace Bancroft, counting on money loaned, for which defendant promised to deliver a bill of exchange on New York for the sum of twenty-five hundred dollars, and failing to deliver the same; for money loaned generally by plaintiff to defendant, stating the account, and for goods and cash drawn from plaintiff's stock, in all amounting to twenty-seven hundred and sixty-two dollars fifty-nine cents, with interest from date

There was a plea of the general issue, and cause continued on motion of defendant.

At a subsequent term the cause was tried by a jury, and a verdict rendered for the defendant.

Various reasons were assigned for a new trial, the principal one, in refusing to admit as evidence the plaintiff's book in which the defendant was debited with this twenty-five hundred dollars, and for improperly disposing of the instructions.

As to the book offered by plaintiff as evidence, we are of opinion it was properly excluded. An inspection of the record, where is found a copy of a portion of this book, in which at one end is entered "bills receivable," and in the other "bills payable," the last one of which was an entry made more than ten years before this transaction, and which does not appear to be a book of account of current transactions, and in no sense an account-book of current business and entries, satisfies us it had no place as evidence to the jury. An account-book, to be used as evidence, should be the book containing an entry of transactions in the store, factory or office, as they occur in the regular order of business. It would appear, from the sample of the book given in the record, that it was obsolete—had been laid aside, and used merely for this entry. The doctrine on this subject was

settled by this court in *Boyer* v. *Sweet,* 3 Scam. 120, and reiterated in *Ruggles* v. *Gatton,* 50 Ill. 412.

In *Taliaferro* v. *Ives,* 51 ib. 247, it was said the statute of 1867, cited by appellant, did not change, materially, the existing rule as to the admission of books of account in evidence. The only change made, if a change, was to permit an interested witness to testify to all the facts deemed by those cases necessary to be proved as the foundation for the admission of the account-book. It has never been held that a single entry makes an account-book, nor has it ever been held that a single entry of cash is competent proof. We are satisfied the book was properly excluded.

The *gist* of this action is, did appellant buy this certificate of deposit of appellee, and pay therefor in this check for twenty-five hundred dollars, or was the check or the amount thereof an independent loan by appellant to appellee? This is the question, and to it both parties deposed, and they are, in their testimony, "wide as the poles asunder."

There is one circumstance calculated to strengthen the theory of appellee and give to it a prevailing influence, and which must have controlled the jury in no slight degree, and that was the testimony of appellant when he said he told appellee he would ask Augustus Ayers about it; that he took the certificate out of the safe, and asked Gus. Ayers if he would take it on deposit. He said no; that their custom was to forward for collection, and, when paid, to credit the owner with the amount, less the exchange; that it would cost one-fourth of one per cent to collect. He returned immediately, told appellee what was said, and placed the certificate in the safe. It was not then indorsed.

We can not well understand why appellant should have made these inquiries of Mr. Ayers if he had no interest in the paper. Men of business do not usually so act. This was a circumstance well calculated to fortify the testimony of appellee, and must have had great weight with the jury.

Again: his clerk, Mr. Morsly, testified that he heard appellant declare he did not want the certificate; understood that appellee had, before that, received one; and, on his cross-examination, he said he saw the certificate when appellee received it back; did not read it; thinks the night before appellee went East, appellant came by where he was sitting, having a paper in his hand. He held it up and said, "Do you see this?" Does not know what the paper was; heard appellant say once that Ayers would charge one-fourth of one per cent for collecting it.

These facts, taken in connection with appellant's testimony, must have had great weight. That the paper was this certificate which appellant was about to give to appellee, who was then about starting to go East, is significant. It would be better, so the appellant may be supposed to have reasoned, as Ayers will charge one-fourth per cent, to send the paper by appellee, who is going East, and so the per cent will be saved. This is all natural, reasonable and probable. We can not interfere with the verdict, on the evidence.

As to the instructions, we are compelled to say they are far more voluminous and varied than the case required. One instruction giving the plaintiff's theory, and another the defendant's, were all the case required. We perceive nothing so objectionable to them, save their inordinate length, that could have misled or confused the jury. There is no error in them calling upon this court to reverse the judgment.

The judgment must be affirmed.

*Judgment affirmed.*