CARL SCHWARZE

V.

HERMAN ROESSLER.

*Practice—Evidence—Account Books—Sec. 3, Chap. 51, R. S.*

1. The absence of entries in an account book will not warrant the assumption that payments testified to by witnesses were not made to the person who kept it, and whose business transactions were recorded therein.

2. Such book will not be received as evidence of a negative or to prove cash items.

[Opinion filed May 5, 1891.]

Appeal from the Circuit Court of Cook County; the Hon. R. W. Clifford, Judge, presiding.

Messrs. Kraus, Mayer & Stein, for appellant.

Mr. Edmund Furthmann, for appellee.

Gary, J. The appellee is the surviving partner of the firm of Roessler & Winckler, mason contractors.

In the spring of 1888, they were building some houses for the appellant, of which Henry Sierks was the architect. The appellant gave to the architect a request or order, as follows:

" Chicago, March 2, 1888.
Messrs. Roessler & Winckler:

*Gentlemen:* Please pay to the order of Henry Sierks, Esq., the sum of two hundred and fifty dollars, and charge the same to my account with you.

Carl Schwarze."

The firm gave Sierks the money, and the present suit is by the appellee against the appellant in assumpsit to recover that $250.

The only question in the case is, whether the appellant paid it to Winckler in his lifetime. The competent evidence upon that subject does not make the fact so clear that this court may assume that it was or was not paid. To prove that it had not been paid, the appellee, over the objection and exception of the appellant, put in evidence a firm account book, in form a ledger, but in fact their only book, and one of original entries, kept by Winckler, in which the $250 was charged with no corresponding credit. To justify that, the appellee relies upon Sec. 3, Chap. 51, R. S., admitting in evidence an "account book" under certain circumstances, where "the claim or defense is founded on a book account."

That statute prescribes the preliminary proof upon which the book is to be admitted, but does not at all change the old law as to the character of the book that may be admitted, or of the items or charges that may be proved by it.

Several cases in this State are cited in Kibbe v. Bancroft, 77 Ill. 18. The old law was that cash items could not be proved by such books. Boyer v. Sweet, 3 Scam. 120; Insley v. Prall, 23 N. J. L. 457, a very elaborate case.

Much less can the absence of entries in such a book be evidence that payments testified to by witnesses were not made. A false entry would be an act of wrong; an omission to enter, might be mere negligence or forgetfulness, with no motive, good or bad.

Account books were held to be no evidence of a negative in Morse v. Potter, 4 Gray, 292, and Winner v. Bauman, 28 Wis. 563.

The admission of the book was error, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*