# THOMAS B. BOYD
## v.
# EDWIN B. JENNINGS, EXECUTOR.

*Administration—Agency—Real Estate—Commissions for Sale of—Evidence—Books—Sec. 3, Chap. 51, R. S.*

1. Agency can not be created by the declarations of the agent.

2. Authority from an owner of real estate to sell the same can not be shown by an entry, relating thereto, on the alleged agent's private record book.

3. Sec. 3, Chap. 51, R. S., does not at all change the old law as to the character of the book that may be admitted, or of the items or charges that may be proved by it.

4. A third person is as competent now as he was before the statute of 1867 (Sec. 2, Chap. 5, R. S.) to testify concerning the statements of a deceased person in a case where the representative of the deceased person is a party, and the fact in the case presented, that a witness named was also the defendant as executor of his deceased father, whose statements were sought to be proven, did not render him incompetent as to such statements.

6. This court holds as proper the sustaining of the objection to the testimony of plaintiff's counsel as to alleged statements made by the defendant after leaving his father's room upon a certain occasion, it not

appearing that he was the bearer of any message from him; but that a certain letter written by said attorney to the defendant's intestate, together with the writing by the latter upon its back, should have been permitted to have gone to the jury, and that the judgment for the defendant can not stand.

7. Secondary evidence of the contents of a letter properly excluded in the case presented.

[Opinion filed October 28, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. W. B. CUNNINGHAM and W. M. JOHNSTON, for appellant.

It has always been the practice in the different courts in this State, that a party having a claim against an estate could establish the same by the evidence of a witness, or of witnesses, having no interest therein, and even the claimant himself might, unless objection was made thereto, testify in his own behalf. If, however, objection was made by the representative of the estate to the testimony of claimant, then he was compelled to establish his claim by the testimony of other witnesses, unless said claim was founded on book account, in which case the book account, if properly made, might be introduced in evidence for the purpose of establishing such claim. It has been decided by this honorable court, as well as the Supreme Court of this State, that the testimony of an heir at law of a decedent was competent on the trial of a claim against such decedent's estate. Estate of James Douglass v. James Fullerton, 7 Ill. App. 102; Greene C. Patterson, Adm'r, v. Nancy Collar, 34 Ill. App. 632; Byers v. Thompson, 66 Ill. 421.

In the case of Marshall v. Theodore S. Karl, reported in 60 Ill. at page 208, in an action on a promissory note executed by the defendants to the plaintiff's intestate, Martha Karl, deceased, it appeared that Mr. Rice acted as the agent of Martha Karl, deceased, in settling the matter in which the note was given, and it became a question as to what was the real consideration of the note. Mr. Rice was permitted to testify as to his understanding on this point. While it is

true no objection was made to such testimony, it is also true that no criticism was made by the Supreme Court in allowing such testimony in the court below.

Messrs. HATCH & RITSHER, for appellee.

Appellant was incompetent to testify in his own behalf, because the adverse party was defending as executor. Sec. 2, Chap. 51, R. S.; Stewart v. Fellows, 128 Ill. 480; Whitmer v. Rucker, 71 Ill. 410; Dyer v. Hopkins, 112 Ill. 168; McCann v. Atherton, 106 Ill. 31; Plain v. Roth et al., 107 Ill. 588.

When appellant was called as a witness, the objection was made at once that the witness was disqualified by reason of his interest. The court directed the witness to proceed, and an exception was taken by appellee. It is perfectly clear under the statute that the court erred in not excluding all testimony of the witness, Boyd, relating to matters occurring prior to the death of decedent.

The objection was made and insisted upon. Appellee offered no testimony, and consequently did not open the door for Boyd's testimony under any of the exceptions named in the statute. The entries in Boyd's book fall with his testimony.

These entries should have been excluded for the further reason that they do not tend to establish agency, and are not accounts, and do not in any way tend to establish the contention of the plaintiff (appellant). They were simply memoranda, as they showed on their face, and were utterly irrelevant and immaterial.

MR. JUSTICE SHEPARD. Appellant filed a claim in the Probate Court of Cook County against the estate of John D. Jennings, deceased, for commissions claimed by him as agent in and about the sale of certain real estate. The claim was allowed in that court and an appeal taken to the Circuit Court, where, upon trial, the jury was directed to find for the defendant, and judgment was entered upon the verdict. From that judgment the case comes here by appeal.

The main controversy in the case is upon the agency of appellant. There seems to be no question from the evidence but that the attention of John R. Morris, the purchaser of the real estate, was first called to the fact that the property was for sale, by means of an advertisement inserted in a Chicago newspaper by the appellant; that Morris, following up the information afforded by the advertisement, went to appellant's office and was there furnished by the appellant with all the particulars as to price, the location and size of the lot and building, and its rental income, and was referred to the tenant in possession to learn the condition in which the building was as to repair, etc.; that Morris went to look at the building and the next morning made up his mind to buy the property at the price given him by appellant, but that before he saw appellant again, and on the same morning that he made up his mind to buy, he was told by a Mr. Clark that the property had been sold to some one else; that thereupon he went directly over to the Jennings Trust Company's office to see if he could not buy of whoever it had been sold to; that he there inquired for the price of the property of Mr. Samuel D. Ward, who was in some way connected with Mr. Jennings in business, and was given the same figures at which appellant had offered it to him; that he then and there bought the property and received conveyance from Mr. Jennings, since deceased, on the next day.

With this brief summary of undisputed facts, the question of the agency of appellant becomes very material. On the trial in the Circuit Court appellant offered in evidence part of a page of a record book kept by him of property left with him for sale, whereon appears an entry descriptive of the property in question, its ownership, price, etc., which was objected to and excluded.

Authority from the owner to sell property can not be shown by an entry of the kind referred to on the alleged agent's private books. Such a book is not an account book, the entries in which become admissible in evidence when proven under the provisions of Sec. 3, Chap. 51, R. S.

"That statute prescribes the preliminary proof upon

which the book is to be admitted, but does not at all change the old law as to the character of the book that may be admitted or of the items or charges that may be proved by it." Schwarze v. Roessler, 40 Ill. App. 474; Kibbe v. Bancroft, 77 Ill. 18.

Counsel cite no authority, and we are aware of none, that makes the book admissible.

The entry in the book is nothing but the declaration of the person claiming to be an agent, and it is fundamental that agency can not be created by the declarations of the agent. The Circuit Court properly excluded the book.

The appellant called as his witness on the trial below, Edward B. Jennings, who is, in his capacity as executor of his father's estate, defending against appellant's claim.

During his examination certain questions were put to him by appellant's counsel as to particular conversations between his father and himself in reference to appellant's authority and claim in question, and what instructions were given him by his father with reference to a letter appellant had written his father relating to a sale of the property.

It appears from the testimony of this witness that he did have a conversation with his father about a letter which the latter had received from appellant, and that he was directed by his father to go and see appellant and convey some instruction or statement to him, and that he did go and see appellant in pursuance of his father's instructions.

As to what his father directed him to say to appellant, objection was made and sustained. This was error. The statute does not in words, or in contemplation, exclude such testimony. A third person is as competent now as he was before the statute of 1867 (Sec. 2, Chap. 51, R. S.) to testify concerning the statements of a deceased person in a case where the representative of the deceased person is a party.

And the fact that the witness in this instance was also the defendant, as executor of his deceased father, whose statements were sought to be proven, did not render him incompetent as a witness to such statements.

The court below seems, by the record, to have held that

the conversation or statements of a deceased person could not be proven by any witness in a proceeding or suit against the dead man's estate. Such is not the law. The witness should have been permitted to testify as to what the directions of his father were, and to have given all the conversation of his father, with reference to the letter received from appellant.

We think secondary evidence of the contents of the letter referred to was properly excluded. Sufficient foundation for secondary evidence had not been laid. The letter was traced into the custody of the Mutual Trust Company, but no person connected with that company was called to prove a search among its files or papers for the missing paper.

In sustaining an objection to the testimony of Mr. Cunningham, appellant's counsel, as to statements made by Edwin B. Jennings after coming down stairs from his father's room on the occasion of Mr. Cunningham's visit to the Southern Hotel, the court acted properly. No statement of Edwin B. Jennings to Cunningham could have been competent until it had been first made to appear that he was the bearer of some message from his father to Mr. Cunningham.

Mr. Jennings, in his testimony, admits recollection of seeing Mr. Cunningham at the hotel on the occasion referred to, but denies all recollection of a letter, or of taking from Cunningham to his father any communication or message, either verbal or written, or of going to his father's room at that time.

There is, however, evidence tending to show that the letter which Cunningham had previously written and taken with him to the hotel in anticipation of not being able to see the elder Jennings, because of his sickness, reached the elder Jennings on that evening by the hand of some person. Cunningham testifies he handed the letter to the younger Jennings, who after a few minutes' absence returned and handed back to him the identical letter, with some words in writing on the back of it, and it has been substantially proven by the testimony of the witness Jennings that the handwriting in which those words on the back of the letter were written is that of his father, Mr. Jennings, deceased.

It would require other proof, however, than that which traces the letter to the hand of the elder Jennings, to establish that the younger Jennings carried the letter to his father and brought back a verbal answer in regard to the matter concerning which the letter was written.

He might have actually received the letter from Mr. Cunningham and returned it to him, with the writing of his father on it, without having seen or spoken to him about it. It might readily have been transmitted through other hands from the son to the father and back again. However strong the inferences may be that the younger Jennings did, in fact, carry the letter to his father, notwithstanding his failure to remember so doing, they should not be allowed to take the place of positive evidence in order to pave the way for the admission of his statements of what his father's reply was, for the purpose of binding his father's estate. In the absence, therefore, of more evidence tending to prove that the younger Jennings did take the letter to his father and receive from him instructions in regard to the business referred to in it, the court properly excluded the testimony of Cunningham of what it was the younger Jennings said when he handed back the letter.

We think, however, that the letter and the writing on its back put there by the elder Jennings should have been permitted to have gone to the jury. The fact that when the letter was handed back to Mr. Cunningham it bore words written thereon by the elder Jennings, creates a very strong presumption that he had read the letter and was informed of the nature of the demand it contained in regard to the transaction in question.

The words written on the back of the letter do not in themselves, tend in any degree to indicate either an affirmance or denial of the claim asserted by the letter, but whatever weight they may be entitled to, if any, in connection with the other evidence in the case, should be, in our opinion, left to a jury to give, if they should believe from all the evidence that the letter itself was read by the elder Jennings.

Fort Dearborn Nat. Bank v. Blumenzweig.

We can not say that if all the testimony which we hold was improperly excluded, had been admitted, it would not have established the fact of agency and the validity of appellant's claim; and therefore for the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*