## Albert Rothschild, Surviving Partner, etc., v. Max Sessell, Executor, etc.

1. EVIDENCE—*Firm Account Books—Accounts for Money Lent.*—The usual probative force of accounts kept in books in the usual course of dealings between parties as regards transactions of merchandise and the like does not apply to an account for money lent, as that is not usually the subject-matter of an account. notes being usually taken.

2. STATUTE OF LIMITATIONS—*How Bar is Removed.*—In order to remove the bar of the statute, it is necessary for the jury to find from the evidence that not only had payments been made, but that they had been made upon the identical account sued upon with the intention thereby of recognizing the entire account.

Claim in Probate.—Appeal from the Circuit Court of Macoupin County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed June 20, 1902.

RINAKER & RINAKER, attorneys for appellant.

The bar of the statute of limitations is removed by new promises or a mere payment of money as a part of a larger sum and it is not the law that such new promise or payment must also be made "with the purpose and intention of acknowledging" a greater indebtedness than the sum so paid. The law implies the intention and purpose from the fact of an intentional part payment only, and a new promise is the expression of such a purpose and intention. Wellman v. Miner, 179 Ill. 326; Lowery v. Gear, 32 Ill. 383; Kallenbach v. Dickinson, 100 Ill. 427; Ditch v. Vollhardt, 82 Ill. 134; Miner v. Lorman, 56 Mich. 212; 19 A. and E. Ency. Law, 323 and notes; 2 Greenleaf, Evidence, Sec. 344.

BELL & BURTON, attorneys for appellee.

The acknowledgment and promise to pay the debt in order to avoid the bar of the statute, must arise out of such facts as identify the debt with such certainty as will clearly determine its character, fix the amount due and show a present, unqualified willingness and intention to pay it. Waldron et al. v. Alexander, 136 Ill. 562; Collar v. Patterson, 137 Ill. 403; Kallenbach v. Dickinson, 100 Ill. 427.

Rothschild v. Sessell.

Proof of payment alone will not remove bar of statute of limitations. A payment alone admits only so much debt as it pays. Miller v. Cinnamon, 168 Ill. 447; Kallenbach v. Dickinson, *supra;* Crum v. Higold, Adm'r, 32 Ill. App. 282; Parsons on Contracts, 6th Ed., Vol. 3, 74, 75.

The rule as to admission of books of account would not apply to an account for money lent as that is not usually the subject-matter of account, notes being generally taken. Boyer v. Sweet, 3 Scam. 120.

The rule there (Boyer v. Sweet, *supra*) has been repeatedly recognized by subsequent decisions of this court, and without any modification. It must therefore be regarded as the settled law of the court. Ruggles v. Gatton, 50 Ill. 416; Kibbe v. Bancroft, 77 Ill. 18; House v. Beak et al., 141 Ill. 299; Schwarze v. Roessler, 40 Ill. App. 474.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was a claim filed in the County Court of Macoupin County, June 29, 1899, by Julius Rothschild and Robert Rothschild, partners doing business as Rothschild Bros., against the estate of Peter J. Hendgen, deceased, then being administered in that court by Marcus Sessell, the executor of the last will and testament of said deceased, who died in the spring of 1898.

The claim, when filed, was as follows:

" $3,000.00.                 St. Louis, Mo., Aug. 26, 1878.

Ninety days after date, I promise to pay to the order of J. Meyberg & Co., three thousand dollars, for value received, with interest at the rate of eight per cent per annum from date.

(Signed)      P. J. Hendgen.

(Endorsements.)
" Pay to the order of Rothschild Bros.
                              Meyberg & Rothschild Bros.
J. Meyberg & Co.

CREDITS.

Paid on account:

| | | |
|---|---:|---:|
| July 2, '85 | $27 | 30 |
| Aug. 6, '85 | 13 | 25 |
| Sept. 5, '85 | 7 | 75 |

Paid on account :

| | | |
|---|---|---|
| Jan'y | 5, '86 | $10 90 |
| Feb. | 5, '86 | 17 25 |
| Mar. | 5, '86 | 3 40 |
| Apr. | 5, '86 | 1 00 |
| July | 7, '86 | 13 25 |
| Oct. | 5, '86 | 6 37 |
| Jan. | 4, '87 | 24 00 |
| Feb. | 5, '87 | 28 70 |
| July | 1, '87 | 45 00 |
| Aug. | 5, '87 | 4 00 |
| Oct. | 5, '87 | 7 00 |
| Nov. | 5, '87 | 4 00 |
| Jan. | 5, '88 | 13 00 |
| Feb. | 6, '88 | 16 55 |
| Mar. | 5, '88 | 7 65 |
| Apr. | 5, '88 | 9 60 |
| May | 5, '88 | 3 00 |
| July | 5, '88 | 66 70 |
| Jan. | 5, '89 | 19 60 |
| Feb. | 9, '89 | 22 65 |
| Mar. | 5, '89 | 1 55 |
| July | 5, '89 | 36 96 |
| Aug. | 5, '89 | 1 35 |
| Oct. | 5, '89 | 8 25 |
| Nov. | 5, '89 | 1 50 |
| Dec. | 5, '89 | 2 65 |
| Jan. | 6, '90 | 24 50 |
| Feb. | 5, '90 | 11 45 |
| July | 7, '90 | 32 65 |
| Aug. | 5, '90 | 3 45 |
| Sept. | 5, '90 | 3 95 |
| Dec. | 5, '90 | 3 56 |
| Jan. | 5, '91 | 25 30 |
| Feb. | 5, '91 | 7 50 |
| May | 5, '91 | 1 70 |
| July | 6, '91 | 26 50 |
| Aug. | 5, '91 | 5 00 |
| Oct. | 5, '91 | 4 90 |
| Dec. | 5, '91 | 3 55 |
| Jan. | 5, '92 | 13 00 |
| Feb. | 5, '92 | 3 75 |
| July | 5, '92 | 43 25 |
| Aug. | 5, '92 | 15 75 |
| Dec. | 5, '92 | 6 25 |
| Jan. | 5, '93 | 30 37 |

Rothschild v. Sessell.

Paid on account:

| | | |
|---|---|---:|
| Feb. | 6, '93 | $15 53 |
| Apr. | 3, '93 | 2 50 |
| June | 5, '93 | 12 50 |
| July | 5, '93 | 23 12 |
| Dec. | 5, '93 | 6 25 |
| Jan. | 6, '94 | 19 05 |
| June | 5, '94 | 9 70 |
| Aug. | 6, '94 | 1 40 |
| Dec. | 5, '94 | 3 85 |
| Jan. | 5, '95 | 13 55 |
| Mar. | 5, '95 | 5 80 |
| June | 5, '95 | 5 50 |
| July | 5, '95 | 10 90 |
| Sept. | 5, '95 | 11 80 |
| Nov. | 5, '95 | 2 00 |
| Dec. | 5, '95 | 15 80 |
| Jan. | 6, '96 | 15 00 |
| Mar. | 6, '96 | 2 75 |
| Apr. | 7, '96 | 4 10 |
| June | 5, '96 | 5 00 |
| Sept. | 7, '96 | 2 00 |
| Dec. | 5, '96 | 9 40 |
| Jan. | 6, '97 | 6 70 |
| June | 5, '97 | 22 00 |
| Dec. | 3, '97 | 16 50 |
| Jan. | 5, '98 | 12 65 |
| Feb. | 5, '98 | 2 20 |

Total ..............................$1,015 67

State of Illinois, } ss. In the County Court of Macou-
Macoupin County, } pin County, June term, A. D. 1899.

Julius Rothschild for Rothschild Bros., being duly sworn, on oath says that the annexed account against the estate of Peter J. Hendgen, deceased, amounting to the sum of sixty-nine hundred and eighty-four dollars and thirty-four cents, is due and unpaid after allowing all just credits. ($6984.33.)

(Signed) Julius Rothschild.

Subscribed and sworn to before me this 29th day of June, 1899.

O. C. Hartly, Clerk."

And afterward, on March 6, 1900, said claim was amended so that it was as follows:

"ST. LOUIS, February 26, 1900.

Peter J. Hendgen Estate, in account with Rothschild Bros.

1877.

| | | |
|---|---|---|
| Sept. 6, cash | .................... | $400 00 |
| " 18, " | .................... | 500 00 |
| " 20, " | .................... | 700 00 |
| " 21, " | .................... | 1,000 00 |
| " 25, " | .................... | 1,000 00 |
| Oct. 9, " | .................... | 1,000 00 |
| Nov. 27, " | .................... | 500 00 |
| Dec. 31, interest | .................... | 102 00 |

1878

| | | |
|---|---|---|
| Feb. 11, cash | .................... | 125 00 |
| Mar. 2, " | .................... | 300 00 |
| " 21, " | .................... | 200 00 |
| " 26, " | .................... | 100 00 |
| Apr. 18, " | .................... | 250 00 |
| " 29, " | .................... | 250 00 |
| June 8, " | .................... | 400 00 |
| July 9, " | .................... | 500 00 |
| " 10, " | .................... | 1,004 00 |
| " 11, " | .................... | 502 05 |
| " 10, " | .................... | 501 30 |
| " 21, " | .................... | 503 95 |
| " 23, " | .................... | 500 90 |
| " 24, " | .................... | 600 00 |
| " 25, " | .................... | 1,000 00 |
| " 26, " | .................... | 1,000 00 |
| " 31, " | .................... | 1,000 00 |
| Aug. 26, " | .................... | 31 00 |
| Dec. 31, interest | .................... | 529 38 |

1881.

| | | |
|---|---|---|
| Nov. 18, cash | .................... | 1,938 84 |

| | | |
|---|---|---|
| Total | .................... | $16,439 02 |

1877.       CREDIT.

| | | |
|---|---|---|
| Dec. 1, by cash | .................... | $1,000 00 |
| " 31, by note | .................... | 2,000 00 |
| " 31, interest | .................... | 164 44 |

1878.

| | | |
|---|---|---|
| June 25, by cash | .................... | 600 00 |
| July 1, " " | .................... | 1,000 00 |
| Aug. 16, " " | .................... | 1,000 00 |

1885.

| | | |
|---|---|---|
| July 2, " " | .................... | 27 30 |

Rothschild v. Sessell.

| | | |
|---|---|---|
| Aug. 6, by cash..................... | $13 | 25 |
| Sept. 5, " " ..................... | 7 | 75 |
| 1886. | | |
| Jan. 5, " " ..................... | 10 | 95 |
| Feb. 5, " " ..................... | 17 | 25 |
| Mar. 5, " " ..................... | 3 | 40 |
| Apr. 5, " " ..................... | 1 | 00 |
| July 7, " " ..................... | 27 | 00 |
| Aug. 5, " " ..................... | 13 | 15 |
| Oct. 5, " " ..................... | 6 | 37 |
| 1887. | | |
| Jan. 4, " " ..................... | 24 | 00 |
| Feb. 5, " " ..................... | 28 | 70 |
| July 1, " " ..................... | 45 | 00 |
| Aug. 5, " " ..................... | 4 | 10 |
| Oct. 5, " " ..................... | 7 | 00 |
| Nov. 5, " " ..................... | 4 | 00 |
| 1888. | | |
| Jan. 5, " " ..................... | 13 | 00 |
| Feb. 6, " " ..................... | 16 | 55 |
| Mar. 5, " " ..................... | 7 | 65 |
| Apr. 5, " " ..................... | 9 | 60 |
| May 5, " " ..................... | 3 | 00 |
| July 5, " " ..................... | 66 | 70 |
| 1889. | | |
| Jan. 5, " " ..................... | 19 | 60 |
| Feb. 5, " " ..................... | 22 | 85 |
| Mar. 5, " " ..................... | 1 | 55 |
| July 5, " " ..................... | 36 | 96 |
| Aug. 5, " " ..................... | 1 | 35 |
| Oct. 7, " " ..................... | 8 | 25 |
| Nov. 5, " " ..................... | 1 | 50 |
| Dec. 5, " " ..................... | 2 | 65 |
| 1890. | | |
| Jan. 6, " " ..................... | 24 | 50 |
| Feb. 5, " " ..................... | 11 | 45 |
| July 5, " " ..................... | 32 | 65 |
| Aug. 5, " " ..................... | 3 | 45 |
| Sept. 5, " " ..................... | 3 | 94 |
| Dec. 5, " " ..................... | 3 | 56 |
| 1891. | | |
| Jan. 5, " " ..................... | 25 | 30 |
| Feb. 5, " " ..................... | 7 | 50 |
| May 4, " " ..................... | 1 | 70 |
| July 6, " " ..................... | 26 | 50 |
| Aug. 5, " " ..................... | 5 | 00 |

| | | |
|---|---|---:|
| Oct. | 5, by cash................... | $5 90 |
| Dec. | 5, "    " ................... | 3 55 |
| 1892. | | |
| Jan. | 5, "    " ................... | 13 00 |
| Feb. | 5, "    " ................... | 3 75 |
| July | 5, "    " ................... | 43 75 |
| Aug. | 5, "    " ................... | 15 75 |
| Dec. | 5, "    " ................... | 6 25 |
| 1893. | | |
| Jan. | 5, "    " ................... | 30 37 |
| Feb. | 6, "    " ................... | 15 53 |
| Apr. | 3, "    " ................... | 2 50 |
| June | 5, "    " ................... | 12 50 |
| July | 5, "    " ................... | 40 00 |
| Aug. | 5, "    " ................... | 23 12 |
| Dec. | 5, "    " ................... | 5 25 |
| 1894. | | |
| Jan. | 6, "    " ................... | 19 05 |
| June | 5, "    " ................... | 9 70 |
| Aug. | 6, "    " ................... | 1 45 |
| Dec. | 5, "    " ................... | 3 85 |
| 1895. | | |
| Jan. | 5, "    " ................... | 13 55 |
| Mar. | 5, "    " ................... | 5 80 |
| June | 5, "    " ................... | 5 50 |
| July | 5, "    " ................... | 10 90 |
| Sept. | 5, "    " ................... | 11 80 |
| Nov. | 5, "    " ................... | 2 00 |
| Dec. | 5, "    " ................... | 15 80 |
| 1896. | | |
| Jan. | 6, "    " ................... | 15 00 |
| Mar. | 3, "    " ................... | 2 75 |
| Apr. | 7, "    " ................... | 4 10 |
| June | 5, "    " ................... | 5 00 |
| Sept. | 7, "    " ................... | 2 00 |
| Dec. | 5, "    " ................... | 9 40 |
| 1897. | | |
| Jan. | 6, "    " ................... | 6 70 |
| June | 5, "    " ................... | 22 00 |
| Dec. | 6, "    " ................... | 16 50 |
| 1898. | | |
| Jan. | 5, "    " ................... | 12 65 |
| Feb. | 5, "    " ................... | 2 20 |
| | Total credits................ | $6,780 11 |

Rothschild v. Sessell.

Amount debtor forward........... $16,439 82
Amount credits forward........... 6,780 11

$ 9,659 71

STATE OF MISSOURI, } ss.
   City of St. Louis, }

Before me, W. L. Kingsland, a notary public, duly commissioned and qualified in and for the City of St. Louis, State of Missouri, on this day personally appeared Julius Rothschild, who, after being by me duly sworn, stated on his oath that he is a member of the firm of Rothschild Brothers, which is composed of Albert Rothschild and Julius Rothschild, and that the foregoing and annexed open account in favor of Rothschild Bros., and against said Peter J. Hendgen estate, showing the amount due of $9,659.71, ninety-six hundred and fifty-nine and 71-100 dollars, is within the knowledge of affiant just, true and unpaid; that the said sum of ninety-six hundred and fifty-nine and 71-100 dollars is now due and owing said Rothschild Bros., and that all just and lawful offsets, payments and credits have been allowed.

(Signed)    JULIUS ROTHSCHILD.

Sworn to and subscribed before me this, the fifth day of March, A. D. 1900.

My commission expires Febry. 11, 1903.

(Signed)    W. L. KINGSLAND,
(L. S.)                                    Notary Public."

The claim was objected to by the executor, and after being heard in the County Court, was there disallowed. It was then taken to the Circuit Court where it was tried by jury and resulted in a verdict and judgment in favor of the estate.

Before it was tried in the Circuit Court, Julius Rothschild died and the claim was thereafter prosecuted in the name of Albert Rothschild, the surviving partner, who, after the verdict had been returned against him, moved for a new trial, which was overruled and a judgment rendered disallowing the claim, to which the claimant excepted; and he has brought the case to this court by appeal, and to reverse the judgment, insists that the court improperly ruled on the evidence and instructions; that counsel for the estate made improper remarks when stating and arguing

the case to the jury, and that the verdict and judgment are against the law and evidence.

The bill of exceptions shows that before the trial, claimant abandoned all claim upon the note upon which the claim was first founded, and relied only upon the account stated in the claim as amended.

In support of the claim, the account books of Rothschild Bros. were received in evidence, and they showed on the dates mentioned in the amended claim, the items there charged were entered on the books as charges to P. J. Hendgen, substantially as specified in the claim as amended, except that in some instances the item on the books showed " cash," and in others " ch.," but most of them only the date, followed by the name P. J. Hendgen, and in the dollars and cents columns the figures in amounts as shown by the amended claim.

The account books were shown to be those of Rothschild Bros., kept in the course of their business selling hats in the city of St. Louis, and the bookkeeper who kept their books from 1884 to the time Hendgen died and afterward, testified that the entries made in the books as charges against Hendgen prior to 1884 were in the handwriting of the bookkeeper who preceded him; that he was dead before the trial, and that often when P. J. Hendgen paid the items with which he is credited on the books after 1884, he would say that credit be given him on the " old matter;" on the " old account."

It was also shown that the items credited from 1885 forward, were for commissions due Hengden as insurance broker on premiums for insurance which were given him by or through Rothschild Bros., and that Hendgen had often said that if they would give him more insurance, he could and would pay them more on the " old account."

The executor showed that after the claim had been filed and before it was amended, Julius Rothschild told him that the estate only owed Rothschild Bros. the balance of the note upon which the claim was based.

There were no checks or notes put in evidence to explain or add to the showing made by the books.

The executor invoked the statute of limitations against the claim. At the request of the executor, the court instructed the jury to the effect that if they believed from the evidence that the several items of indebtedness claimed by the claimant were all more than five years past due when the claim therefor was filed in the County Court, then they should find for the estate unless they further believed from the evidence that Hendgen, within five years prior to the filing of the claim in the County Court, promised to pay the same or made partial payments thereon, with the intention or purpose of acknowledging the entire account; and at the instance of the claimant, refused to instruct the jury that a part payment on the account in question by Hendgen within five years before the claim was filed would alone be sufficient to hold the statute of limitations.

The account books of the firm alone were not sufficient to prove that the entries therein of cash or check charged to the decedent by the firm, were that much money loaned to him by them, for the reason that the usual probative force of accounts kept in books in the usual course of dealing between parties as regards transactions of merchandise and the like " do not apply to an account for money lent, as that is not usually the subject-matter of an account, notes being generally taken." Boyer v. Sweet, 3 Scam. 120; Ruggles v. Gatton, 50 Ill. 412; Kibbe v. Bancroft, 77 Ill. 18; House v. Beak, 141 Ill. 290; Schwarze v. Roessler, 40 Ill. App. 474; and Smith v. Rentz, 15 L. R. A. 138.

And under all the evidence, it seems to us the jury were warranted in concluding that the claim had not been satisfactorily established.

The rulings of the court on the instructions were proper; for in order to remove the bar of the statute, it was necessary for the jury to find from the evidence that not only had the decedent made payments to the firm as claimed by them, but also that he had made them upon the identical account sued upon, with the intention thereby of recognizing the entire account. Miller v. Cinnamon, 168 Ill. 447.

Some of the remarks of counsel for the estate should not have been made to the jury, and upon objection being made

thereto by counsel for the claimant, the trial court so ruled, and gave the jury to understand that they were not to be considered, and the claimant's case was not, in our opinion, prejudiced on that account.

The rulings of the court on the evidence were not, in our opinion, prejudicial to the claimant in the respects claimed by his counsel; and it seems to us that, the result reached by the trial court being proper, when all the evidence is fairly considered, the judgment should and will be affirmed.