| 12 | 359 |
|---|---|
| 47 | 1539 |
| 12 | 359 |
| 49 | 521 |

### MAUNSEL WHITE *v.* J. B. WILKINSON.

Where the book-keeper of a commission merchant, offered as a witness to prove his accounts, swears to their correctness, but it appears, on cross-examination, that he made no original entries on the day book, cash book and invoice book—saw none of the goods purchased, and only knows that " he kept the ledger correctly from the entries furnished him by the partners and other clerks"— *Held:* That the proof was insufficient. The clerks who made purchases for defendant ought to have been examined, and the drafts and receipts ought to have been produced.

APPEAL from the District Court of Plaquemines, *Rousseau*, J. Tried by a Jury. *J. Q. Bradford* and *H. D. Ogden*, for plaintiff and appellant. *C. B. Penrose*, for defendant.

MERRICK, C. J. This is an action upon an account of a commission merchant and factor. The balance claimed is $10,184 20 as due at the institution of the suit in November, 1852, on accounts running back as far as 27th April, 1844, and embracing numerous transactions between the firm, of which the

WHITE
*v.*
WILKINSON.

plaintiff is the assignee and liquidating partner, and the defendant. The case was tried by a jury in the lower court, who found for the defendant.

After an ineffectual attempt to obtain a new trial, the plaintiff appealed from the judgment rendered against him.

The case has been argued in this court almost entirely upon the question of the sufficiency of the proof offered by the plaintiff. His proof consists in a letter of the defendant, dated June 1st, 1849, (after the receipt of an account current,) acknowledging his indebtedness, as shown by the account, of $19,235 08, the testimony of the book-keeper who swears that the accounts are correct, and the report of auditors appointed by the court to report upon the state of the account between the parties. We will consider the effect of this proof in its order.

The letter of the defendant certainly shows an indebtedness to the plaintiff in June, 1849, of $19,184 20, but unfortunately for the plaintiff's case the accounts are continued down to January, 1850, at which time it appears that he had in the interval received, on the other side of his account, more than sufficient to compensate the liquidated balance of June 1, 1849. The letter dispenses the plaintiff from the necessity of proving the correctness of his accounts prior to the 17th of May, 1849, throwing upon the defendant the burden of proving errors if it be alleged that the account is erroneous. But the plaintiff is obliged to establish his account since that period, by legal and sufficient evidence. The proof offered is insufficient.

The book-keeper, who is shown to be an excellent book-keeper, swears that the accounts presented are correct, but when interrogated as to his means of knowledge, we find that he never made an original entry in the day book, cash book and invoice book; that he never saw any of the goods purchased; and, in fine, knows nothing about the correctness of the account, except that he kept the ledger correctly from the entries furnished him by the partners and the other clerks. The clerks who made the purchases of goods for the defendant ought to have been examined, and the drafts which the plaintiff took up, as well as the defendant's receipt for money, ought to have been produced.

The proof of the witness that accounts current were furnished the defendant is found also, on a cross-examination, to be as uncertain as his testimony as to the correctness of the account. At what time and what accounts were delivered to the defendant, the witness is unable to inform us. The witness says, that he merely presumes that the defendant got copies of all of the accounts current. He knows he got some of them, for he handed them himself. Thus it does not appear that any account current was delivered defendant after the letter of June 1st, 1849, and he cannot be bound as for an account stated after that period, without such showing.

The reports of the auditors, aside from the irregular manner in which they are made out, possess no more value as evidence than do the accounts.

The auditors took no testimony and confined their labors to an examination of the accounts furnished by the plaintiff and annexed to the petition. As these accounts have not been proven, the structures built by the auditors upon them must fall with them. Plaintiff's case is without testimony to sustain it.

We think, however, that the judgment should be only one of nonsuit.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant as in case of nonsuit; the defendant and appellee paying the costs of the appeal, and the plaintiff those of the District Court.