BENJAMIN C. TALIAFERRO

*v.*

H. N. IVES, Administrator of the Estate of JOSEPHUS WADE.

1. BOOKS OF ACCOUNT—*when admissible in evidence.* In an action by the payee against the maker of promissory notes, it appeared there were mutual dealings between the parties, and the defendant presented in evidence the receipt of the plaintiff, subsequent to the date of the notes, in full of all demands: *it was held*, he had the right to give in evidence his books of account, for the purpose of showing by entries therein how he had paid the notes, and so account for the giving of the receipt by the plaintiff.

2. Without the statute of 1867, the defendant in such case would have been entitled to introduce his books of account in evidence. *Boyer* v. *Sweet,* 3 Scam. 120. And the statute does not materially change the rule there announced.

WRIT OF ERROR to the Circuit Court of Mercer county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action of assumpsit, brought in the court below by Josephus Wade, to recover for three certain promissory notes executed by the defendant, Taliaferro, to Wade. The defense produced in evidence a receipt signed by Wade, of a subsequent date to the notes sued upon, and which was in full of all demands to date. The defense also proposed to introduce in evidence his books of account, after offering to make the proper preliminary proof, to show by entries in his books how he had paid the notes. This he was not permitted to do. Upon the trial the jury found for the plaintiff, and the court rendered judgment upon the verdict. A motion for a new trial was denied, and the defendant brings the case to this court on error.

The further facts appear in the opinion.

Mr. BENJAMIN C. TALIAFERRO, *pro se.*

Mr. JNO. C. PEPPER and Messrs. GOUDY & CHANDLER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

The only point made on this record we deem necessary to consider, is, the one arising on the refusal of the court to permit the books of account of the plaintiff in error, the defendant below, to be received in evidence, he offering to supply the preliminary proof required by the act of February 14, 1867.

It appears there were mutual dealings between these parties. The subject of the suit was three promissory notes, claimed to have been executed and delivered by plaintiff in error to the plaintiff in the action.

Against them, the defendant in the action presented in evidence the receipt of the plaintiff, subsequent to the date of the notes, in full of all demands, and proposed to show by entries in his books how he had paid these notes, and so account for the giving of the receipt by the plaintiff.

The court refused to permit the books to be used in evidence, but permitted the defendant to refresh his memory, he being a witness, by reference to the books.

Without the statute of 1867, the defendant would have been entitled to introduce his books of account, on the authority of *Boyer* v. *Sweet*, 3 Scam. 120, and the statute does not materially change the rule there announced. We think the court erred in ruling out the books, and for this error the judgment must be reversed and the cause remanded.

*Judgment reversed.*