Treadway v. Treadway.

## FRANKLIN M. TREADWAY
## v.
## WILLIAM T. TREADWAY, Adm'r.

1. EVIDENCE—DECLARATIONS OF DECEASED.—In an action by an administrator for a debt due his intestate, the declarations of the deceased, made in the absence of the debtor, in his own favor, are not admissible in evidence.

2. BOOKS OF ACCOUNT OF DECEASED.—An entry in a book, at the dictation of the intestate, just before his decease, of items of personal property previously given to his several children, is not admissible in evidence to prove an indebtedness to the estate. Such entries were not made in the usual course of business, but were a mere memorandum of advancements made, and do not come within the statute.

3. STATUTE OF LIMITATIONS.—The cause of action having accrued more than five years before the death of the intestate, it is barred by the statute.

APPEAL from the County Court of Cass county; the Hon. J. W. REARICK, Judge, presiding. Opinion filed December 11, 1879.

Messrs. WARLOW & LEEPER, for appellant; that the evidence was not admissible, cited Rev. Stat. chap. 51, § 3; Ruggles v. Gatton, 50 Ill. 412.

As to the Statute of Limitations: Dishon v. Schorr, 19 Ill. 59.

Messrs. POLLARD & PHILLIPS, for appellee; that the statute is no bar, cited Boody v. R. & B. R. R. Co. 24 Vt. 662; Boyer v. Sweet, 3 Scam. 129.

HIGBEE, J. This was an action of assumpsit commenced by

Treadway v. Treadway.

appellee against appellant, on the third day of October, 1879 to recover two hundred and twenty dollars received by appellant from his father, the said George A. Treadway, now deceased.

Pleas of the general issue and the statute of limitations were interposed by appellant.

On the trial of the cause, Hester A. Treadway, was sworn as a witness in behalf of appellee, and testified that she was a daughter of intestate George A. Treadway, and a sister of appellant, and that her father died in August, 1877.

She was further permitted to testify that about a week before her father's death, she heard him tell her brother Stephen, that Franklin (appellant) owed him two hundred and twenty dollars for money which he had let Franklin have in 1871. Appellant was not present when this conversation occurred.

Appellee sued as the representative of George A. Treadway deceased, and the declarations of his intestate, made in the absence of appellant, in his own favor were not competent evidence to charge appellant, and ought not to have been received by the court for that purpose.

The same witness further testified that about a week before her father's death her brother Stephen, in the absence of Franklin, at the request and under the directions of her father, made certain entries in a book belonging to her father; that they were the only entries in the book, and that her father said, at the time they were made, that he wanted these matters put down so that all of his children might share equally in his estate.

The book was then produced and identified by the witness and admitted in evidence, against the objection of appellant.

The only entries in the book are the following: George E. Treadway, got from his father's estate one horse, one cow and calf, two hogs, two sheep, a bed and bedding, and one note paid off at the bank, with a credit of forty dollars.

Mary E. Scoeffer: Got one cow and calf, two hogs, two sheep, one bed and bedding, fifteen dollars' worth of cupboard ware.

F. M. Treadway: Got one horse, one cow and calf, two hogs,

bed and bedding; he got two hundred and twenty dollars in cash on the third day of January, 1871.

Sarah J. Davis: Got one cow and calf, two hogs, two sheep, fifteen dollars' worth of cupboard ware and bedding.

Frances L. Scoeffer: Got one cow and calf, bed and bedding, and fifteen dollars' worth of cupboard ware.

Charles L. Treadway: Got one horse, one cow and calf, two hogs, one sheep, a bed and bedding.

Hester A. Treadway, has got nothing yet.

Stephen A. Treadway, has got nothing yet.

These were not charges made from time to time, in the course of business, as articles were sold and delivered. They were mere memoranda, made all at one time, just before the death of George A. Treadway, of articles delivered to his children many years before, for the purpose, as he expressed it at the time, of showing what each had received of his estate, so that all his children might share alike.

It is perfectly apparent from the entries themselves, that they were not intended to be charges. No price is fixed to most of the articles, and no charge made therefor. It is a statement of the articles given or advanced to a part of his children, and that others had received nothing.

Our statute has not materially changed the law as to the character of the books of accounts which may be given in evidence. To be received in evidence, they must be books of original entries of transactions, made as they occurred, in the regular course of business. Kibbie v. Bancroft, 77 Ill. 18.

The objection to these books being received in evidence, should have been sustained by the court. ·

Again, more than five years had elapsed after the supposed cause of action accrued, and the commencement of this suit, and the cause of action was therefore barred by the Statute of Limitations.

The answer of appellant, when asked by his father to give his note for the $120, that "it makes no difference about a note, as it is all in the family," falls far short of what is required by law to avoid the bar of the statute. Here is no promise to pay, and the answer itself negatives the idea that he expected to pay.

Nothing short of an express promise to pay, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting a promise to pay, will obviate the bar of the Statute of Limitations.    Wachter v. Albee, 80 Ill. 47.

For these reasons, the judgment is reversed and the cause remanded.

Reversed and remanded.