CHARLES STETTAUER *et al.*

*v.*

PETER WHITE.

*Filed at Ottawa November 20, 1880—Rehearing denied March Term, 1881.*

1. EVIDENCE—*of party's books of account.* The statute does not provide for the admission of a party's books of account to prove the items therein charged where the entries have been made by a disinterested living and resident person, but such witness must be called to prove the account.

2. At common law, when the clerk who made the entries has no knowledge of the correctness of the same, but made them as the items were furnished by another, it was essential that the person furnishing the items should testify to their correctness, or that satisfactory proof thereof, such as the transactions are reasonably susceptible of from other sources, should be produced.

3. In an action against a defendant for a breach of a contract to buy an account of the plaintiff on a corporation, the plaintiff is bound to prove his account by proper and legitimate evidence, the same as in a suit upon the account itself. In such suit the testimony relied on to render the plaintiff's books competent was that of the bookkeeper, and the amount claimed appeared upon the ledger, the entries being in his handwriting, and that of a witness who testified that the sales-book produced contained the original entries, and that the entries were in his handwriting, made in the ordinary course of business, of goods that were reported as being sold. The entries showed the amount as claimed and as appearing upon the ledger. He also testified that the goods were brought into the packing room and there assorted by a man employed for that purpose, who called them off to the witness as entry clerk, who made the entries of them in the book as they appeared, and that the entries were then compared with the goods, when the goods were packed and shipped, but that he had no personal knowledge of the sale or delivery of the goods. One of the plaintiffs testified that the original entries of goods

sold were made in the sales-book produced, and their books were fairly and honestly kept, in the usual course of business. Evidence was also offered of the carrier's shipping receipt for the transportation of the goods: *Held*, that the books were not admissible under this proof.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. CHARLES HITCHCOCK, for the appellants:

The testimony derived from the plaintiffs' books and the entries in the books themselves, were competent evidence and ought not to have been excluded from the jury by instruction. Rev. Stat. 1877, p. 476, § 3.

This statute was undoubtedly intended to regulate the whole subject of the admissibility of books of account, for it is inconceivable that the legislature intended to apply one rule to cases in which the books were kept by the party himself, or a deceased or non-resident witness, and another and different rule, with additional requisites, to a case in which the books were kept by a living person who duly authenticates them. In the case of the *Presbyterian Church* v. *Emerson,* 66 Ill. 269, it was expressly held that the statute is a repeal of the common law rule as to the admissibility of an account book.

If it be doubtful whether the statute applies to a case in which the entries are made by a living and resident witness, then it is submitted that they were admissible at common law. 1 Greenlf. Ev. §§ 115-117; *Boyer* v. *Sweet,* 3 Scam. 120.

Messrs. STILES & LEWIS, and Mr. F. A. JOHNSON, for the appellee:

The statute of 1867, which permitted parties to testify in their own behalf, abolished the necessity which led to the adoption of the rule laid down in *Boyer* v. *Sweet.* Probably if no statute had then been enacted concerning books of account, they would not have been admissible afterward,

except in cases where other private memoranda are admissible. Where interested persons are competent witnesses, such memoranda would only be admissible in one of the two following cases:

1. Where the witness has no recollection of the truth of the facts stated in the memoranda, but swears that they were made by him in the ordinary course of business, at or about the time of the events recorded, and that he should not have made them if they had not been true and within his personal knowledge at the time. 1 Greenleaf on Evidence, § 116; 1 Smith's Leading Cases, *398 *et seq.*

2. Where the person who made the memoranda is dead, and it is proved that they are in his handwriting and were made by him in the usual course of business. 1 Smith's Leading Cases, pp. *398-*407.

Such, we apprehend, would be the rules of law in the absence of the statute of 1867 concerning books of account. Under these rules plaintiffs' books of account were not admissible under the proof in the record.

Books of account are only admissible, under the statute, when the same are made by a party or interested person, or by a person who has since died, or by a disinterested person who is a non-resident of the State at the time of the trial. The plaintiffs' books of account do not fall under either of these heads. Where the entries are made, as in this case, by living witnesses, who are within the State at the time of the trial, they are only admissible when they are the best evidence and are authenticated by the parties who made them, who must be able to swear that the entries were made in the usual course of business; and that at the time they made them, they had personal knowledge that they were true, and that they are unable to recollect the transactions at the time of the trial. 1 Greenleaf Ev. § 115 *et seq.*; 1 Smith's Leading Cases, 398 *et seq.*

Admitting that the statute applies to cases when the books are kept by a living person who is present at the time of the

trial, and who is not a party or interested person, then the proper preliminary proof was not made. See, also, *Paine* v. *Sherwood*, 21 Minn. 225; *White* v. *Wilkinson*, 12 La. Ann. 359; *Chaffee* v. *U. S.* 18 Wall. 516; *Gould* v. *Conway*, 59 Barb. 355; *Kent* v. *Garvin*, 1 Gray, 148; *Thomas* v. *Price*, 30 Md. 483; *Luce* v. *Doane*, 38 Me. 478.

Per CURIAM:   This is an appeal from the Appellate Court for the First District, and the only questions of law which are presented for our consideration arise upon three instructions which were given for the defendant on the trial of the case in the Superior Court of Cook county.

The action was upon an alleged agreement for the purchase .from the plaintiffs of a certain demand in their favor against the Michigan Iron Company for goods sold and delivered.

The objection taken to two of the instructions is, that there is nothing in the evidence upon which one of them can be fairly based, and that they were calculated to mislead the jury.

Upon an examination of the evidence and considering the instructions, we fail to perceive any sufficient ground of objection to them in the respects named, or otherwise.

There is more serious question upon the other instruction, which was as follows:

" 2.   The jury are instructed, that in order that the plaintiffs may recover in this case, they must prove to the satisfaction of the jury, that at the time the alleged contract was made, they had a claim against the said Michigan Iron Company for the amount stated in the declaration, and that in determining whether such proof has been made, they must exclude from their consideration all testimony relating to said claim, derived from the books of said plaintiffs, or from hearsay, and also entries in the books themselves, the proof necessary to make such books of account competent evidence not having been made in this case."

The statute in relation to books of parties in this State is as follows:

" Where, in any civil action, suit or proceeding, the claim or defence is founded on a book account, any party or interested person may testify to his account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made by himself, and are true and just; or that the same were made by a deceased person, or by a disinterested person, a non-resident of the State at the time of the trial, and were made by such deceased or non-resident person in the usual course of trade, and of his duty or employment to the party so testifying; and thereupon, the said account book and entries shall be admitted as evidence in the cause." Rev. Stat. 1874, p. 489, sec. 3.

The testimony relied upon to render the books competent was that of the bookkeeper of the plaintiffs, producing the books of the firm, and that the amount as claimed appeared upon the ledger, the entries being in his handwriting; that of a witness who testified that the sales-book produced contained the original entries of the transaction with the Michigan Iron Company, that the entries were in the handwriting of the witness, made in the ordinary course of business, of goods that are reported as having been sold—the entries showed the amount as claimed, and as appearing upon the ledger—that the entries were made in the regular course of business; that, according to the course of business, the goods were brought into the packing room and there assorted by a man employed for that purpose, who called them off to the witness as entry clerk, who made the entries of them in the books as they appear; then the entries and the goods are compared; then the goods are packed and shipped in the order of business—that he had no personal knowledge of the sale or delivery of the goods. One of the plaintiffs testified that the original entries of goods sold by the plaintiffs are made in the sales-books produced; that these books of

the plaintiffs have been fairly and honestly kept, in the course of the business of said firm.

Evidence was offered of the carrier's shipping receipt for the transportation of the goods, and as evidence which is claimed as tending to show the receipt by the Michigan Iron Company of a portion of the goods. The defendant himself stated, on his examination as a witness in the case, that he never admitted the correctness of the debt of the Michigan Iron Company to the plaintiffs, but he told one of the plaintiffs that the Michigan Iron Company disputed its correctness—disputed over one-half of the goods.

It is contended that the books were admissible under the statute.

But the statute does not seem to provide for the case where the entries have been made by a disinterested living and resident person, as here. We think the statute does not apply.

It is then, in that case, insisted the books were admissible at common law. But at common law, where the clerk who made the entries had no knowledge of the correctness of the entries, but made them as the items were furnished by another, it was essential that the party furnishing the items should testify to their correctness, or that satisfactory proof thereof, (such as the transactions were reasonably susceptible of), from other sources should be produced. Such evidence was not here produced.

On no ground do the majority of the court think the books were admissible under the preliminary proofs made. The following cases are identical in principle, and are conclusive against appellants. *Green* v. *Caulk*, 16 Md. 573; *Thomas, Garnishee, etc.* v. *Price*, 30 id. 483; *Kent* v. *Garvin*, 1 Gray, 148; *White* v. *Wilkinson*, 12 La. Ann. 359.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*