## Oscar B. McGlasson and Henry C. Beitler v. Maria J. Housel, Executrix.

### Gen. No. 12,524.

1. WITNESS—*when not incompetent by virtue of interest.* A witness is competent to identify a book of original entries kept by himself, notwithstanding he has a pecuniary interest in the result of the litigation and the adverse party is defending in a representative capacity.

ADAMS, P. J., dissenting.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed June 14, 1906.

**Statement by the Court.** The appellants, who are lawyers practicing in the city of Chicago, in January, 1901, sued in assumpsit Maria J. Housel, executrix of the last will and testament of Charles C. Housel, deceased, claiming, according to an account filed with the declaration, $673.48 for professional services rendered Charles C. Housel in his lifetime.

The case came to trial in the Superior Court of Cook County in March, 1905, before one of the judges of that court sitting with a jury.

Mr. McGlasson, one of the plaintiffs, testified that he and his fellow-plaintiff and partner were licensed attorneys of Illinois, and that he was acquainted with Charles C. Housel in his lifetime. He was then handed by counsel for plaintiffs a book, and asked, "What is the book which you now have in your hands?" To this question the defendant's counsel objected, and the objection was sustained by the court, on the ground that the witness was incompetent. Exception was taken to the ruling.

McGlasson v. Housel.

Thereupon the plaintiffs offered to prove by the witness that the book referred to was one of the account books of original entry of the firm of McGlasson & Beitler, and had been kept by the witness himself, and that items therein showed transactions between said firm and Charles C. Housel, and certain services rendered Housel and charges made therefor in the usual course of the firm's business, being true and just, and original entries. This offer was thereupon objected to, and the court sustained the objection upon the same ground as before, and another exception was taken.

A clerk in the office of McGlasson & Beitler during a part of the years 1897 and 1898 was called to the stand, and being shown the book in question, testified that he knew it to be a book then kept by McGlasson as a daily memorandum book of the services which he performed for his clients and that the entries therein were in McGlasson's handwriting. No other evidence was offered. The plaintiffs then, on the ground of surprise, moved to withdraw a juror, but were not permitted to do so by the court.

The court then instructed the jury in writing to find the issues for the defendant. A verdict having been returned in accordance with the instruction, the plaintiffs moved the court for a new trial, which motion was denied and judgment for costs rendered against the plaintiffs, from which judgment the plaintiffs took an appeal to this court, assigning as error in various forms the refusal of the court to allow the witness McGlasson to identify the account book of the firm of McGlasson & Beitler, and to allow the plaintiffs to introduce said account book, and its refusal to admit the further evidence contained in the offer made as before set forth.

PEASE, SMIETANKA & POLKEY, for appellants.

ALBERT H. MEADS, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.
The question involved in this appeal arises on the con-

struction of sections one, two and three (taken together) of chapter 51 of the Revised Statutes of Illinois, being the Act in Regard to Evidence and Depositions, approved March 29, 1872.

We think the assignments of error on the ruling of the court below on the question asked one of the plaintiffs by his counsel, "What is the book you now have in your hand?"—namely, that it could not be put because the witness was incompetent to testify in the cause at all, and the assignment of error on the subsequent similar and consistent ruling of the court on the formal offer of the plaintiffs to prove that the book was one of the account books of original entry kept by the plaintiffs and by the witness himself, and that it showed original entries made at the time of the transactions alleged by the plaintiffs, in the usual course of business—fairly raise the question whether or not a party plaintiff in a suit where the defendant defends as the representative of a deceased person, may testify in identification of his account book, that the same is a book of original entries, and that the entries therein were made by himself in the regular course of business and are true and just.

While it is true that after the decision of the trial judge below, which cut out of the case that on which the plaintiffs were apparently relying as their only and sufficient evidence, the further action of the court in instructing the jury to find for the defendant naturally followed—this manifestly does not prevent the error in the exclusion of testimony, if it were an error, from requiring a reversal of the judgment and remandment of the cause. If the trial judge was right in his interpretation of the Evidence Statute, the judgment should be affirmed; if he were wrong, the cause should be retried and the excluded testimony admitted.

The majority of the court, while conceding that the question is not free from difficulty, think that the testimony offered was competent. The question has never been before the Supreme Court, but has been explicitly

decided by the Appellate Court of the Second District in Alling v. Brazee, 27 Ill. App. 595. The only other allusion to it in the Reports is in the opinion in Richardson v. Allman, decided by the Appellate Court of the Fourth District—40 Ill. App. 90, 93—in which opinion the question is not decided, but it is said, with apparent approbation, certainly without criticism, that the views of the Appellate Court of the Second District on the point are expressed in Alling v. Brazee.

Alling v. Brazee is of course not an authority which we are bound to follow, but apart from the desirability of concordant decisions in the various Appellate Courts of the state, the opinion therein commends itself to us as well reasoned and supported by analogy and authority. We have, therefore, no reluctance in following it.

By the common law for centuries, through its adherence to a policy now universally regarded as mistaken, all persons interested in the event of a suit were incompetent as general witnesses. But, even then, there was an exception to the spirit of this illiberal rule, which exception allowed the introduction of books of account of an interested party (this being in fact evidence made by himself) if he were able first to prove by disinterested witnesses that he kept no clerk; that the books were books of original entry; that the entries therein were in his own handwriting; that the parties had settled by these books and found them just and true, and that a part at least of the articles charged or work done was delivered or done at about the time the entries were made. This was the state of the common law in Illinois in 1841, when Boyer v. Sweet, 3 Scammon, 120, was decided. Judge Breese in the opinion in that case, moreover, stated that in many of the states books of account were admitted, although fortified only by the oath of the party himself. No exception is noted by him as existing as to the introduction of such books of account made by an interested party, when the other interested party was dead, either where the books themselves had to be proven by a disinterested witness, or where they might be proven by an in-

terested one. At this time, however, parties interested were not allowed in Illinois to testify generally in any civil case, except that by a statute first passed in 1833, a person pleading usury might, if the creditor were alive, prove his defense by his own oath.

In the Revised Statutes of 1845, however, there appeared provisions in the chapter concerning justices and constables, which were apparently first passed for that revision and approved March 3, 1845, which allowed in certain cases a party in a suit before a justice to prove his claim by the testimony of the adverse party, and if such adverse party should not appear at the trial, then by his own oath. There was nothing in these provisions excepting cases where the adverse party was defending in a representative or fiduciary capacity.

In 1861, however, by an Act approved April 24th of that year, under the title "An Act to Dispense with Bills of Discovery in Certain Cases," similar provisions were made as to the testimony of parties suing claims in courts of record, and this Act contains a final section to the effect that it shall not be deemed to authorize a party to a suit to testify in his own behalf when the opposite party is a body corporate, or sues or is sued as executor or administrator, or in any other fiduciary capacity. This Act was supplemented February 16, 1865, by providing that it should not allow a plaintiff or defendant to testify against a co-plaintiff or co-defendant, respectively.

In 1867 the legislature passed an Act (approved February 19, 1867), entitled "An Act Relating to the Competency of Witnesses in Civil Cases." The Act is in ten sections. The ninth section repeals the provisions we have alluded to of the Interest Act, and of the Justice and Constable Act, in the Revision of 1845, and also the Act of 1861, with its amendment of 1865, before described. The tenth section merely provides when the Act shall go into effect. The first eight sections are substantially identical, section for section, with the first eight sections of the "Act in Regard to Evidence and Depositions in Civil Cases," approved

March 29, 1872, which now appear (some of them slightly amended) as sections 1 to 8 inclusive of chapter 51 of the Revised Statutes of Illinois, in Hurd's and Starr & Curtis's editions.

The first section treats of the general competency of interested parties and of parties who have been convicted of crime. The second section limits the general competency created "by virtue of the foregoing section" (these being its own words) by excepting certain cases where the adverse party sues or defends in certain representative or fiduciary capacities. But to these excepted cases are made in distinct paragraphs certain exceptions in which such general competency provided for by the foregoing section is declared still to exist.

These two sections, as it seems to us, were independent of the third section, which enlarged the common law rule concerning account books by allowing such books to be proven as well by the oath of an interested party as by the oath of a disinterested one. It is as follows:

Sec. 3. "Where in any civil action, suit or proceeding the claim or defense is founded on a book account, any party or interested person may testify to his account book and the items therein contained, that the same is a book of original entries and that the entries therein were made by himself, and are true and just, or that the same were made by a deceased person, or by a disinterested person, a non-resident of the state at the time of the trial, and were made by such deceased or non-resident person in the usual course of trade, and of his duty or employment to the party so testifying, and thereupon the said account book and entries shall be admitted as evidence in the cause."

In Taliaferro v. Ives, 51 Ill. 247, decided in 1869, Judge Breese declared that it was error to have refused the defendant permission to introduce in evidence his books of account after he had offered to make the preliminary proof, and said that he would have been entitled to do so without the statute of 1867, "which does not materially change the rule announced in Boyer v. Sweet, 3 Scammon, 120."

There seems no particular reason for making, as to the

oath which will render an account book admissible, any difference between cases where the adverse party is deceased, and where he is not, and it seems to us, as it did to the Appellate Court for the Second District, that the Act of 1867, and its successor of 1872, are general liberalizing amendments to the common law rules on the subject of evidence and its production, and that section 3 of these Acts is, in the language of the learned judge who wrote the opinion in Alling v. Brazee, "an independent section standing by itself, to the provisions of which there appears to be no exception named in the Act." We agree with him that it is difficult to see how exceptions which are contained in section 2, and expressly limited to the effect of section 1, on certain cases, can apply at all to section 3.

The fact would seem to be that section 3 of the Act of 1867 was enacted by the legislature as a part of its general liberalizing policy to make the rule laid down in Boyer v. Sweet broader, not narrower, as it would be if construed in connection with the two preceding sections, as the court below construed it.

We are not unmindful of such difficulty as may seem to be introduced into the question by the coupling of sections 2 and 3 together in section 7 of the Act of 1867, and in section 4 of the present Evidence Act also, since the amendment of 1879. But though difficult of satisfactory explanation, these allusions seem to us to make no more for one view than the other of the question we have discussed. The view we have taken seems to be that also of the learned author of Wigmore on Evidence. (See section 1554.)

It is true that in Patrick v. Jack, Administrator, 82 Ill. 81, the question raised here was not involved, but in that case the books of the decedent were allowed in evidence in behalf of his estate after they had been properly identified. If these books were competent, would it not be unfair and undesirable to exclude the books of the adverse party, because he could not obtain a disinterested witness to make the necessary preliminary or, as it is technically called, "suppletory" proof?

McGlasson v. Housel.

We do not think the statute requires this, or that it should be done.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*

MR. PRESIDING JUSTICE ADAMS, dissenting.

I cannot concur in the decision of the court. The question whether the plaintiff McGlasson was a competent witness to testify as to the entries in his book account, and that the same "are true and just" depends on the statute of 1872, entitled "An Act in Regard to Evidence and Depositions in Civil Cases." Hurd's Rev. Stat. 1905, p. 1034. Section 1 of that Act renders all persons competent as witnesses, even though parties are interested in the event of a cause, except as thereafter stated in the statute. Section 2 excepts certain persons from the general language of section 1. One of the exceptions is, that when an executor of a deceased person defends, the plaintiff shall not be allowed to testify "of his own motion or on his own behalf." Then follow five exceptions to, or qualifications of, the exceptions mentioned in the preceding part of section 2, none of which permits a plaintiff, suing as executor, to testify on his own motion or on his own behalf in such suit, as to matters which occurred prior to the death of the testator. The first sub-exception or qualification is, "In any such action, suit or proceeding, a party or interested person may testify to facts occurring after the death of such deceased person, or after the ward, heir, legatee or devisee shall have attained his majority." The sub-exceptions to or qualifications of the prohibition as to the plaintiff testifying, in a suit against an executor, being express, and none of them including the case of a plaintiff offering to testify, of his own motion and in his own behalf, it would seem that other exceptions are excluded by necessary implication, and cannot be read into the statute. The case seems plain to me. Section 2 provides, in express terms, "No party to any civil action, suit or proceeding

\* \* \* shall be allowed to testify therein of his own
motion, or on his own behalf, by virtue of the foregoing
section, when any adverse party sues or defends \* \*. \*
as the executor of any deceased person." Then follow five
paragraphs stating cases in which a party in a suit against
an executor, etc., may testify, no one of these paragraphs
including the testimony of the plaintiff, given on his own
motion and on his own behalf, in respect to matters occur-
ring before the death of the testator. Does not this leave
in full force the prohibition contained in the preceding part
of section 2? Section 3 does not purport to be, nor is it, an
exception to the prohibition in section 2, and to hold that,
by virtue of section 3, a plaintiff may testify, in a suit
against an executor, that he kept books showing an account
against the deceased testator, and that the entries "are true
and just," is to allow him to testify, on his own motion
and on his own behalf, as to matters occurring before the
death of the testator, and would be, as I think, plainly con-
trary to the statute. In Smith v. Billings, 177 Ill. 446, Bil-
lings died pending the suit, and his executor was substituted
as defendant. Smith's deposition had been taken before
Billings died, and it was offered in evidence after the exec-
utor had been substituted as defendant. The trial court ex-
cluded it, and the Supreme Court held that it was properly
excluded, saying: " It is very clear from the language
of the statute, that if complainant had offered himself as a
witness to testify to the facts stated in his deposition, after
the death of his adversary, A. M. Billings, he would have
been incompetent—and to that effect are numerous decis-
ions of this court." In the same case, the court say :
" Under section 2 of our statute, a party to an action, suit
or proceeding, where the adverse party sues or defends as
the executor, administrator, etc., is not rendered imcompe-
tent by reason of his being a party or interested in the
result of the litigation, but because to allow him to do so
would be to give him an advantage over his adversary, the
theory of the statute being, that inasmuch as the deceased
*cannot* speak, the living should not be allowed to do so;

and, as shown by the numerous cases referred to by the Appellate Court, we have many times held that it is the spirit and intention of the statute to preserve equality between the parties to a transaction out of which the action or proceeding grows."

Where would be the equality, were the plaintiff, in the present case, allowed to testify that the entries in his books "are true and just?" The testator, if living, might dispute many, if not all of the entries; might claim payments made to the plaintiffs and not credited; might even deny having employed the plaintiffs, and it is not improbable that he was, when alive, the only person who could testify, on his side, as to transactions between him and the plaintiffs.

I am of opinion that the trial court properly excluded the testimony of the plaintiff McGlasson.