J. A. Rude, d/b/a J. A. Rude Company, Plaintiff-Appellee, v. Gilbert Seibert, Defendant-Appellant.

Term No. 59–M–9.

Fourth District.

September 14, 1959.

Released for publication September 29, 1959.

479

Jay B. Stringer, of Mt. Vernon, for defendant-appellant.

Joe Frank Allen, of Mt. Vernon, for plaintiff-appellee.

JUDGE HOFFMAN delivered the opinion of the court.

Plaintiff, in this cause, was engaged in the excavating business, and his equipment consisted of a bulldozer which was operated by an employee. The defendant was a landowner, and, as a result of a discussion between plaintiff and defendant, plaintiff was hired to do some excavating work on defendant's property. When the work was finished, plaintiff presented defendant with his bill, which was based upon an hourly charge for the total number of hours worked. Defendant refused to pay all of the bill, and this suit resulted. On a hearing before the court without a jury, judgment was entered for plaintiff, and defendant has taken this appeal.

To reverse the judgment, defendant alleges numerous errors. His principal contention is that the court improperly admitted into evidence plaintiff's book of account. Plaintiff testified that he was his own bookkeeper; that at the end of each week his employee turned in his time on each job to plaintiff, that plaintiff entered this time on a separate page of a work order book which he kept, and that these pages were

used to make out his employee's payroll and his customer's bills. The separate pages pertaining to defendant's job were identified by plaintiff and admitted into evidence. This was the only evidence in the record establishing the number of hours of work performed by plaintiff on defendant's land.

Section 3 of the Evidence Act of 1867, (Ill. Rev. Stat., 1957, chap. 51, sec. 3) provides, in part, as follows:

"Where in any civil action, suit or proceeding, the claim or defense is founded on a book account or any other record or document, any party or interested person may testify to his account book, or any other record or document, and the items therein contained; that the same is a book, record, or document of original entries, and that the entries therein were made by himself, and are true and just; . . . *and thereupon the said account book and entries or any other record or document shall be admitted as evidence in the cause* . . ." (italics ours)

 It has been held that this section is independent of all other sections of said Act, that it stands by itself, and that the exceptions set forth elsewhere in the Act do not apply to it. Alling v. Brazee, 27 Ill. App. 595, 596–600; McGlasson v. Housel, 127 Ill. App. 360, 366; Miller & Graves v. Pratz, 179 Ill. App. 204, 206. It has further been held that this section did not change the common law rule setting forth the character of a book of account (Treadway v. Treadway, 5 Ill. App. 478, 480; Boyd v. Jennings, 46 Ill. App. 290, 293) but only changed that part of the rule regarding the character of the evidence necessary to its admission. Sanford v. Miller, 19 Ill. App. 536, 539. Thus, one who makes the necessary preliminary proof prescribed by Section 3 is entitled to have a proper book of account admitted. Schwarze v. Roessler, 40 Ill. App.

474, 475; Alling v. Brazee, supra; Weigle v. Brautigam, 74 Ill. App. 285, 289–290; First Nat. Bank of Stronghurst v. Vaughan, 240 Ill. App. 50, 61.

■ For a party to introduce into evidence books of account kept by himself, in order to prove the account, he need only testify that (1) the book is a book of original entries, (2) that the entries were made by him, and (3) that they are true and just. To require any additional foundation for the admission of this evidence would subvert the statute. This rule obviously does not apply to those cases not includable within the statute, such as the case where the bookkeeper is available to testify (House v. Beak, 141 Ill. 290) or the case where the books of a large concern are kept by numerous employees. National Castings Co. v. Steel Co., 333 Ill. 588. See also Stettauer v. White, 98 Ill. 72; People v. Small, 319 Ill. 437.

■ However, it must always be remembered that the mere admission of a book of account is not a determination of the weight to which it is entitled as evidence, and it is always the privilege of the opponent to attack the book's reliability by any legitimate testimony or other evidence tending to show its incorrectness. Chisholm v. Beaman Mach. Co., 160 Ill. 101, 110; House v. Beak, supra; Cooke v. People, 134 Ill. App. 41.

■ The defendant raised no question about the character of the book of account but only challenged the foundation laid for its admission. We are satisfied that under the Statute sufficient foundation was made by the plaintiff for the admission of his book of account and, therefore, that such admission by the Court was proper.

■ The defendant also contends that the judgment is palpably against a preponderance of the evidence. The evidence on many points was conflicting. There was disagreement and conflict as to the nature of the agreement, the actual amount of work per-

formed, the time consumed, the fairness of the charge, and the total amount due. A careful reading of the transcript shows that the case was tried vigorously by both parties all the way. Because this cause was heard by the court without a jury, the trial court's findings of fact are entitled to the same weight as a jury's verdict, and this court, on appeal, is guided by the same principles as would apply to a jury's verdict. Balfour v. Balfour, 20 Ill.App.2d 590, 597; 156 N.E.2d 629. The trial court, and not this court, was in a position to observe the conduct of the witnesses while testifying, to determine their credibility, and to weigh the evidence and determine the preponderance thereof. We may not overturn this judgment merely because we might disagree with it or might, had we been the trier of facts, have come to a different conclusion. We cannot substitute our opinion for that of the trial court as to the facts unless such trial court's finding is manifestly against the weight of the evidence. South Parkway Bldg. Corp. v. South Center Department Store, Inc., 19 Ill.App.2d 14, 28, 153 N.E.2d 291; Chicago v. Atkins, 19 Ill.App.2d 177, 182, 153 N.E.2d 302. "Manifest means clearly evident, clear, plain, indisputable." Schneiderman v. Interstate Transit Lines, Inc., 331 Ill. App. 143, 147, 72 N.E.2d 705. It requires that an opposite conclusion be clearly evident. Arboit v. Gateway Transp. Co., 15 Ill.App.2d 500, 507, 146 N.E.2d 582. We have not lightly treated this case, but have thoroughly considered the evidence by a careful study of the transcript thereof, and we are convinced that the finding of the trial court is supported by the evidence in the record and is not clearly and manifestly against the weight thereof. Under such circumstances a court of review will not disturb a finding of fact thus made. Fox v. Fox, 9 Ill.2d 509, 517, 138 N.E.2d 547.

■ Defendant complains also that error was committed because the trial court refused to permit him to

inquire upon cross-examination of the plaintiff as to other matters contained in the plaintiff's files not germane to the issues in this case. We have considered this but are unable to say that there was any prejudice to defendant, and in the absence of an abuse of the trial court's discretion, we will not disturb its ruling in this regard.

Defendant further argues that plaintiff's silence on one occasion amounted to an admission which supports his theory of the case. While the fact of silence of plaintiff was proper evidence to be considered in the case, nevertheless, it was not of itself conclusive evidence but was merely to be considered by the trial court along with all the other evidence. Casey v. Burns, 7 Ill.App.2d 316, 129 N.E.2d 440.

In addition to the above, the defendant believes he is entitled to a new trial because of alleged newly discovered evidence incorporated in affidavits attached to his post-trial motion. We have examined said affidavits and find that they are insufficient to warrant the granting of a new trial. Davis v. Theatre Amusement Co., 351 Ill. App. 517, 115 N.E.2d 915; Cohen v. Sparberg, 316 Ill. App. 140, 44 N.E.2d 335; Stocker v. Scherer, 1 Ill.2d 405, 115 N.E.2d 614; People v. Dabney, 315 Ill. 320.

We have considered the other errors assigned by defendant and are satisfied that they were not prejudicial to defendant's rights and would not warrant returning this case for a new trial. We believe, on the basis of the record before us, that this defendant has had a fair trial.

The judgment of the Circuit Court of Jefferson County is affirmed.

Judgment affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.